E

X

H

I

B

I

T


2

confidential

## CONSOLIDATED, AMENDED AND RESTATED PROMISSORY NOTE

$15,000,000.00                                                         New York, New York
                                                                          April 29, 2015

WHEREAS, Lender (as defined below) is the owner and holder of the notes described on Exhibit A attached hereto (the "*Existing Notes*");

WHEREAS, as of the date hereof, the aggregate outstanding principal amount of the Existing Notes is $15,000,000.00;

WHEREAS, Lender, as lender, and Borrower (as defined below), as borrower, wish to consolidate, amend and restate the indebtedness evidenced by the Existing Notes into a single consolidated note in the principal amount of $15,000,000.00.

NOW THEREFORE, in consideration of the premises and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Existing Notes are hereby consolidated, amended and restated in their entirety to read as follows (the Existing Notes, as so consolidated, amended and restated being hereinafter collectively referred to as this "*Note*"):

FOR VALUE RECEIVED, **WINTA ASSET MANAGEMENT LLC**, a Delaware limited liability company, as maker, having its principal place of business at 70 Broad Street, New York, New York 10004 ("*Borrower*"), hereby unconditionally promises to pay to the order of **SILVERPEAK REAL ESTATE FINANCE LLC**, as lender, having an address at 1330 Avenue of the Americas, New York, New York  10019 (together with its successors and/or assigns, "*Lender*"), or at such other place as the holder hereof may from time to time designate in writing, the principal sum of [FIFTEEN] MILLION AND NO/100 DOLLARS ($15,000,000), or so much thereof as is advanced pursuant to that certain Loan Agreement dated the date hereof between Borrower and Lender (as the same may be amended, modified, supplemented, replaced or otherwise modified from time to time, the "*Loan Agreement*"), in lawful money of the United States of America, with interest thereon to be computed from the date of this Note at the Interest Rate (as defined in the Loan Agreement), and to be paid in accordance with the terms of this Note and the Loan Agreement.  All capitalized terms not defined herein shall have the respective meanings set forth in the Loan Agreement.

### PAYMENT TERMS

Borrower agrees to pay the principal sum of this Note and interest on the unpaid principal sum of this Note and all other amounts due under the Loan Agreement and the other Loan Documents from time to time outstanding, at the rates and at the times specified in the Loan Agreement, and the outstanding balance of the principal sum of this Note and all accrued and unpaid interest thereon and all other amounts due under the Loan Agreement and the other Loan Documents shall be due and payable on the Maturity Date.

confidential

confidential

## DEFAULT AND ACCELERATION

The Debt shall without notice become immediately due and payable at the option of Lender upon the happening of any Event of Default.

## LOAN DOCUMENTS

This Note is secured by that certain Consolidated, Amended and Restated Mortgage (the "***Mortgage***") and the other Loan Documents. All of the terms, covenants and conditions contained in the Loan Agreement, the Mortgage and the other Loan Documents are hereby made part of this Note to the same extent and with the same force as if they were fully set forth herein. In the event of a conflict or inconsistency between the terms of this Note and the Loan Agreement, the terms and provisions of the Loan Agreement shall govern.

## SAVINGS CLAUSE

Notwithstanding anything to the contrary contained herein, (a) all agreements and communications between Borrower and Lender are hereby and shall automatically be limited so that, after taking into account all amounts deemed to constitute interest, the interest contracted for, charged or received by Lender shall never exceed the maximum nonusurious interest rate, if any, that at any time or from time to time may be contracted for, taken, reserved, charged or received on the indebtedness evidenced by this Note, under the laws of any Governmental Authority whose laws are held by any court of competent jurisdiction to govern the interest rate provisions of the Loan (the "Maximum Legal Rate"), (b) in calculating whether any interest exceeds the Maximum Legal Rate, all such interest shall be amortized, prorated, allocated and spread over the full amount and term of all principal indebtedness of Borrower to Lender, and (c) if through any contingency or event, Lender receives or is deemed to receive interest in excess of the Maximum Legal Rate, any such excess shall be deemed to have been applied toward the payment of the principal of any and all then outstanding indebtedness of Borrower to Lender, or if there is no such indebtedness, shall immediately be returned to Borrower.

## NO ORAL CHANGE

This Note may not be modified, amended, waived, extended, changed, discharged or terminated orally or by any act or failure to act on the part of Borrower or Lender, but only by an agreement in writing signed by the party(ies) against whom enforcement of any modification, amendment, waiver, extension, change, discharge or termination is sought.

## WAIVERS

Borrower and all others who may become liable for the payment of all or any part of the Debt do hereby jointly and severally waive presentment and demand for payment, notice of dishonor, notice of intention to accelerate, notice of acceleration, protest and notice of protest and non-payment and all other notices of any kind. No release of any security for the Debt or extension of time for payment of this Note or any installment hereof, and no alteration, amendment or waiver of any provision of this Note, the Loan Agreement or the other Loan Documents made by agreement between Lender and any other Person shall release, modify, amend, waive, extend, change, discharge, terminate or affect the liability of Borrower or any

confidential

confidential

other Person who may become liable for the payment of all or any part of the Debt under this Note, the Loan Agreement or the other Loan Documents.  No notice to or demand on Borrower shall be deemed to be a waiver of the obligation of Borrower or of the right of Lender to take further action without further notice or demand as provided for in this Note, the Loan Agreement or the other Loan Documents.  If Borrower is a partnership or limited liability company, the agreements herein contained shall remain in force and be applicable, notwithstanding any changes in the individuals or entities comprising the partnership or limited liability company, and the term "Borrower," as used herein, shall include any alternate or successor partnership or limited liability company, but any predecessor partnership or limited liability company and its partners or members shall not thereby be released from any liability.  If Borrower is a corporation, the agreements contained herein shall remain in full force and be applicable, notwithstanding any changes in the shareholders comprising, or the officers and directors relating to, the corporation, and the term "Borrower," as used herein, shall include any alternative or successor corporation, but any predecessor corporation shall not be relieved of liability hereunder.  Nothing in the foregoing two sentences shall be construed as a consent to, or a waiver of, any prohibition or restriction on transfers of interests in such partnership, limited liability company or corporation which may be set forth in the Loan Agreement, the Mortgage or any other Loan Document.

To the maximum extent permitted by law, Borrower hereby irrevocably waives any and all defenses (including any defense based on lack of standing) that Borrower may now or hereafter have to the enforcement of the Mortgage, this Note or any other Loan Document based on (i) Lender not being the holder or assignee of, or not having physical possession of, any prior promissory note the debt evidenced by which is now evidenced by this Note, (ii) any gap in the chain of assignments of any such prior promissory note between the first holder thereof and Lender and/or (iii) any such prior promissory note having been lost.

### TRANSFER

Upon the transfer of this Note by Lender, Borrower hereby waiving notice of any such transfer, Lender may deliver all the collateral mortgaged, granted, pledged or assigned pursuant to the Loan Documents, or any part thereof, to the transferee who shall thereupon become vested with all the rights herein or under applicable law given to Lender with respect thereto, and Lender shall thereafter forever be relieved and fully discharged from any liability or responsibility in the matter; but Lender shall retain all rights hereby given to it with respect to any liabilities and the collateral not so transferred.

### EXCULPATION

The provisions of <u>Section 10.1</u> of the Loan Agreement are hereby incorporated by reference into this Note to the same extent and with the same force as if fully set forth herein.

### GOVERNING LAW; JURISDICTION; SERVICE OF PROCESS

**THIS NOTE WAS NEGOTIATED IN THE STATE OF NEW YORK, AND MADE BY BORROWER AND ACCEPTED BY LENDER IN THE STATE OF NEW YORK, AND THE PROCEEDS OF THIS NOTE WERE DISBURSED FROM THE STATE OF**

confidential

confidential

NEW YORK, WHICH STATE THE PARTIES AGREE HAS A SUBSTANTIAL RELATIONSHIP TO THE PARTIES AND TO THE UNDERLYING TRANSACTION EMBODIED HEREBY, AND IN ALL RESPECTS, INCLUDING, WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, MATTERS OF CONSTRUCTION, VALIDITY AND PERFORMANCE, THIS NOTE AND THE OBLIGATIONS ARISING HEREUNDER SHALL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEW YORK APPLICABLE TO CONTRACTS MADE AND PERFORMED IN SUCH STATE (WITHOUT REGARD TO PRINCIPLES OF CONFLICT OF LAWS) AND ANY APPLICABLE LAW OF THE UNITED STATES OF AMERICA.  TO THE FULLEST EXTENT PERMITTED BY LAW, BORROWER HEREBY UNCONDITIONALLY AND IRREVOCABLY WAIVES ANY CLAIM TO ASSERT THAT THE LAW OF ANY OTHER JURISDICTION GOVERNS THIS NOTE AND THIS NOTE SHALL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEW YORK PURSUANT TO SECTION 5-1401 OF THE NEW YORK GENERAL OBLIGATIONS LAW.

ANY LEGAL SUIT, ACTION OR PROCEEDING AGAINST LENDER OR BORROWER ARISING OUT OF OR RELATING TO THIS NOTE MAY AT LENDER'S OPTION BE INSTITUTED IN ANY FEDERAL OR STATE COURT IN THE CITY OF NEW YORK, COUNTY OF NEW YORK, PURSUANT TO SECTION 5-1402 OF THE NEW YORK GENERAL OBLIGATIONS LAW, AND BORROWER WAIVES ANY OBJECTIONS WHICH IT MAY NOW OR HEREAFTER HAVE BASED ON VENUE AND/OR FORUM NON CONVENIENS OF ANY SUCH SUIT, ACTION OR PROCEEDING, AND BORROWER HEREBY IRREVOCABLY SUBMITS TO THE EXCLUSIVE JURISDICTION OF ANY SUCH COURT IN ANY SUIT, ACTION OR PROCEEDING.  BORROWER AGREES THAT SERVICE OF PROCESS UPON BORROWER AT THE ADDRESS FOR BORROWER SET FORTH HEREIN AND WRITTEN NOTICE OF SAID SERVICE MAILED OR DELIVERED TO BORROWER IN THE MANNER PROVIDED HEREIN SHALL BE DEEMED IN EVERY RESPECT EFFECTIVE SERVICE OF PROCESS UPON BORROWER IN ANY SUCH SUIT, ACTION OR PROCEEDING IN THE STATE OF NEW YORK. BORROWER (I) SHALL GIVE PROMPT NOTICE TO LENDER OF ANY CHANGE IN THE ADDRESS FOR BORROWER SET FORTH HEREIN, (II) MAY AT ANY TIME AND FROM TIME TO TIME DESIGNATE AN AUTHORIZED AGENT WITH AN OFFICE IN NEW YORK, NEW YORK (WHICH AGENT AND OFFICE SHALL BE DESIGNATED AS THE PERSON AND ADDRESS FOR SERVICE OF PROCESS), AND (III) SHALL PROMPTLY DESIGNATE AN AUTHORIZED AGENT IF BORROWER CEASES TO HAVE AN OFFICE IN NEW YORK, NEW YORK.  NOTHING CONTAINED HEREIN SHALL AFFECT THE RIGHT OF LENDER TO SERVE PROCESS IN ANY OTHER MANNER PERMITTED BY LAW OR TO COMMENCE LEGAL PROCEEDINGS OR OTHERWISE PROCEED AGAINST BORROWER IN ANY OTHER JURISDICTION.

## WAIVER OF JURY TRIAL

BORROWER HEREBY AGREES NOT TO ELECT A TRIAL BY JURY OF ANY ISSUE TRIABLE OF RIGHT BY JURY, AND FOREVER WAIVES ANY RIGHT TO TRIAL BY JURY FULLY TO THE EXTENT THAT ANY SUCH RIGHT SHALL NOW OR HEREAFTER EXIST, WITH REGARD TO THIS NOTE, THE MORTGAGE OR

confidential

confidential

THE OTHER LOAN DOCUMENTS, OR ANY CLAIM, COUNTERCLAIM OR OTHER ACTION ARISING IN CONNECTION THEREWITH.  THIS WAIVER OF RIGHT TO TRIAL BY JURY IS GIVEN KNOWINGLY AND VOLUNTARILY BY BORROWER AND IS INTENDED TO ENCOMPASS INDIVIDUALLY EACH INSTANCE AND EACH ISSUE AS TO WHICH THE RIGHT TO A TRIAL BY JURY WOULD OTHERWISE ACCRUE.  LENDER IS HEREBY AUTHORIZED TO FILE A COPY OF THIS PARAGRAPH IN ANY PROCEEDING AS CONCLUSIVE EVIDENCE OF THIS WAIVER BY BORROWER.

## SUCCESSORS AND ASSIGNS

This Note shall be binding upon, and shall inure to the benefit of, Borrower and Lender and their respective successors and permitted assigns.  Lender shall have the right to assign or transfer its rights under this Note in connection with any assignment of the Loan and the Loan Documents.  Any assignee or transferee of Lender shall be entitled to all the benefits afforded to Lender under this Note.  Borrower shall not have the right to assign or transfer its rights or obligations under this Note without the prior written consent of Lender, as provided in the Loan Agreement, and any attempted assignment without such consent shall be null and void.

## NOTICES

All notices or other written communications hereunder shall be delivered in accordance with Section 6.1 of the Loan Agreement.

## JOINT AND SEVERAL LIABILITY

If Borrower consists of more than one Person, the obligations and liabilities of each such Person constituting Borrower hereunder and under the other Loan Documents shall be joint and several.

## NO NOVATION

The Existing Notes are restated and superseded in their entirety by this Note, but the indebtedness evidenced by the Existing Notes shall not be discharged or impaired by the execution and delivery of this Note, and the execution and delivery of this Note is not intended to constitute a novation of the Existing Notes nor impair or modify the priority of any security document executed in connection therewith.

## COUNTERPARTS

This Note may be executed in any number of counterparts, each of which when so executed and delivered shall be an original, but all of which shall together constitute one and the same instrument.

## [NO FURTHER TEXT ON THIS PAGE]

confidential

confidential

IN WITNESS WHEREOF, Borrower and Lender have duly executed this Note as of the day and year first above written.

**WINTA ASSET MANAGEMENT LLC**

By: _____
     Name:  Caihong Chen
     Title:   Vice President

*[Signature page continues on the following page]*

62615792

confidential

confidential

**SILVERPEAK REAL ESTATE FINANCE LLC**

By: _____

Name:

Title:     **Peter Tzelios**
           **Chief Operating Officer**

62615792

confidential

## <u>EXHIBIT A</u>

<u>Existing Notes</u>

1.  Adjustable Rate Note, dated as of December 20, 2010 in the original principal amount of $7,000,000.00, made by **70 BROAD LLC**, a New York limited liability company, to the order of **ASIA BANK, N.A.**

    a.  Allonge to Promissory Note, dated as of April 16, 2012, made by **ASIA BANK, N.A.** to **SYMETRA LIFE INSURANCE COMPANY.**

2.  Mortgage Note, dated as of April 16, 2012 in the original principal amount of $4,390,672.74, made by **70 BROAD LLC**, a New York limited liability company, to the order of **SYMETRA LIFE INSURANCE COMPANY.**

3.  Consolidation, Modification and Restatement of Notes, dated as of April 16, 2012 in the original principal amount of $9,675,000.00, made by **70 BROAD LLC**, a New York limited liability company, to the order of **SYMETRA LIFE INSURANCE COMPANY.**

    a.  Allonge to Promissory Note, dated as of April 29, 2015, made by **SYMETRA LIFE INSURANCE COMPANY** to **SILVERPEAK REAL ESTATE FINANCE LLC.**

confidential



## ALLONGE

      This Allonge is attached to and forms a part of that certain Consolidated, Amended and Restated Promissory Note dated as of April 29, 2015 made by **WINTA ASSET MANAGEMENT LLC**, a Delaware limited liability company, in favor of **SILVERPEAK REAL ESTATE FINANCE LLC**, a Delaware limited liability company ("**Assignor**"), in the original principal sum of $15,000,000.00.

Pay to the order of **SPREF WH II LLC**, a Delaware limited liability company, without any recourse to or representation or warranty, express or implied, by Assignor.

Dated as of the 26th day of June, 2015.

      [Remainder of page intentionally left blank; signature page follows]

62837548

**SILVERPEAK REAL ESTATE FINANCE LLC,**
a Delaware limited liability company

By: _____
    Name:  Peter M. Tzelios
    Title:  Authorized Signatory

62837548

## ALLONGE

ALLONGE to that certain Consolidated, Amended and Restated Promissory Note dated as of April 29, 2015 in the original principal amount of $15,000,000.00, executed by WINTA ASSET MANAGEMENT LLC, a Delaware limited liability company, payable to the order of SILVERPEAK REAL ESTATE FINANCE LLC, a Delaware limited liability company.

Pay to the order of WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF WELLS FARGO COMMERCIAL MORTGAGE TRUST 2015-NXS2, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2015-NXS2, without recourse, representation or warranty.

Dated as of the _____ day of July, 2015

> **SPREF WH II LLC, a Delaware limited liability company**
>
> By: _____
> Name:  Peter Tzelios
> Title:    Chief Operating Officer

Reference No.: 3407.003
Matter Name: 70 Broad Street
Pool: WFCM 2015-NXS2