# EXHIBIT 10



KILPATRICK TOWNSEND & STOCKTON LLP
www.kilpatricktownsend.com

The Grace Building
1114 Avenue of the Americas
New York, NY 10036-7703
t 212 775 8700  f 212 775 8800

direct dial 212 775 8713
direct fax 212 954 5555
kbrandofino@kilpatricktownsend.com

May 12, 2020

**BY FED-EX OVERNIGHT DELIVERY**
Winta Asset Management LLC
c/o 70 Broad LLC
70 Broad Street
New York, New York 10004
Attention: Hinman Au

**BY FED-EX OVERNIGHT DELIVERY**
Chen Shuigun
70 Broad Street
New York, New York 10004

RE: That certain loan made by Silverpeak Real Estate Finance LLC ("**Original Lender**") to Winta Asset Management LLC, a Delaware limited liability company ("**Borrower**"), in the original principal amount of $15,000,000.00 (the "**Loan**"), as evidenced by, among other documents, that certain Loan Agreement dated as of April 29, 2015, between Borrower and Original Lender (the "**Loan Agreement**"), and that certain Consolidated, Amended and Restated Promissory Note dated April 29, 2015, executed by Borrower and payable to Original Lender in the original principal amount of the Loan, which Loan is guaranteed by Chen Shuigun ("**Guarantor**") pursuant to that certain Guaranty of Recourse Obligations dated as of April 29, 2015 (the "**Guaranty**")

Dear Borrower and Guarantor:

This firm represents Wilmington Trust, National Association, as Trustee for the registered holders of Wells Fargo Commercial Mortgage Trust 2015-NXS2, Commercial Mortgage Pass-Through Certificates, Series 2015-NXS2 ("**Lender**"), acting by and through its special servicer, Rialto Capital Advisors, LLC ("**Special Servicer**"). Lender is the current owner and holder, by assignment, of the Loan and the Note, Loan Agreement and all other Loan Documents. Reference is herein made to that certain letter from Lender's master servicer, Wells Fargo Bank, National Association, to Borrower dated August 15, 2019 (the "**8/15/2019 Letter**"), that certain letter from this firm to you dated March 25, 2020 (the "**3/25/2020 Letter**") and that certain letter from this firm to you dated April 14, 2020 (the "**4/14/2020 Letter**" and, together with the 8/15/2019 Letter and the 3/25/2020 Letter, collectively, the "**Prior Demand Letters**"). Capitalized terms used but not defined herein shall have the meanings ascribed in the Loan Agreement and the Prior Demand Letters, as applicable.

You are hereby notified that additional defaults and Events of Default have occurred and are continuing under the Loan Documents pursuant to, without limitation, (i) Section 8.1(m) of the

Hinman Au
Chen Shuigun
May 12, 2020
Page 2

Loan Agreement due to the failure of Borrower to provide the Additional Missing Required Records within thirty (30) days of the 3/25/2020 Letter (the "**Additional Missing Required Records Event of Default**") and (ii) Section 8.1(m) of the Loan Agreement due to the failure of Borrower to provide the Missing Guarantor Required Records within thirty (30) days of the 3/25/2020 Letter (the "**Missing Guarantor Required Records Event of Default**" and, together with the Clearing Account Non-Compliance Existing Default, the Missing Required Records Existing Default, the April 2020 Debt Service Event of Default and the Additional Missing Required Records Event of Default, collectively, the "**Existing Events of Default**"). As of the date hereof, Borrower has failed to cure the Existing Events of Default.

Accordingly, you are hereby notified that Lender has accelerated the Maturity Date of the Loan and declared immediately due and payable the entire Debt, specifically including, without limitation, the entire outstanding principal amount of the Loan, together with all accrued and unpaid interest at the Interest Rate and at the Default Rate, all Late Payment Charges, the Yield Maintenance Premium, attorneys' fees and costs and all other amounts due under the Loan Documents (collectively, the "**Indebtedness**"). Demand is hereby made for immediate payment of the Indebtedness in full. Upon request by Borrower specifying the date on which payment of the entire outstanding Indebtedness will be received by Lender, Lender will provide Borrower with the amount of the entire Indebtedness then due and payable.

You are hereby further notified that from and after the date of the occurrence of the first Event of Default, Borrower's license to collect the Rents and other sums granted under the Loan Documents was automatically terminated and is hereby confirmed revoked and terminated. All Rents so collected by Borrower, or any of its agents, shall not be commingled with the funds of Borrower, shall be held in trust for Lender, and shall be turned over to Lender within one (1) business day after receipt thereof by Borrower or any of its agents. You are hereby again notified that Lender expressly reserves any and all of its rights and remedies under the Loan Documents, at law, in equity or otherwise, related to Borrower's misappropriation or conversion of Rents and failure to comply with the Loan Documents' requirements during a Cash Management Period.

Lender expressly reserves any and all of its rights and remedies under the Loan Documents, at law, in equity or otherwise. Neither this notice nor any communications or negotiations which may have occurred or may ensue between Lender and Borrower or Guarantor shall constitute a waiver of any of Lender's rights or remedies. No delay by Lender in exercising any rights or remedies shall operate as a waiver of any rights or remedies Lender may have. Any and all rights available to Lender shall be cumulative and may be exercised separately, successively or concurrently at the sole discretion of Lender. Lender's prior or future acceptance of any payment, including any letter accompanying a payment or any endorsement or statement on any check evidencing a payment, has not been and shall not be deemed to be an accord and satisfaction or otherwise binding upon Lender. Lender may accept any such payment without prejudice to its rights to receive the full Indebtedness or to pursue its remedies.

Hinman Au
Chen Shuigun
May 12, 2020
Page 3

      **TIME IS OF THE ESSENCE** with regard to the notices and demands herein. You are hereby notified that Lender shall enforce the Loan Documents in accordance with their respective terms. We urge your compliance with the matters set forth herein. If you have any questions, please contact me directly or have your counsel contact me, or you may contact Javier Callejas at javier.callejas@rialtocapital.com.

                        Sincerely,

                        **KILPATRICK TOWNSEND & STOCKTON LLP**

                        By: _____
                              Keith M. Brandofino, Partner

cc:    McCarter & English, LLP (*via facsimile*)
        100 Mulberry Street, Four Gateway Center
        Newark, New Jersey 07102
        Attention: Jeffrey Petit, Esq.
        Facsimile No. (973) 297-3907

        Rialto Capital Advisors, LLC (*via email*)

        Eric J. Berardi, Esq.