UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF WELLS FARGO COMMERCIAL MORTGAGE TRUST 2015-NXS2, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2015-NXS2, acting by and through Rialto Capital Advisors, LLC, as Special Servicer under the Pooling and Servicing Agreement dated as of July 1, 2015<br><br>        Plaintiff,<br><br>               -v-<br><br>WINTA ASSET MANAGEMENT LLC and SHUIGUN CHEN,<br><br>        Defendants. | Case No. 1:20-cv-05309-JGK |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S**
**APPLICATION FOR THE APPOINTMENT OF A RECEIVER**

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ........................................................................................................ii

SPECIAL APPEARANCE ........................................................................................................ 1

PRELIMINARY STATEMENT ................................................................................................ 1

FACTS RELEVANT TO THE INSTANT MOTION.................................................................. 3

    A.    The Subject Matter Of The Case ................................................................... 3

    B.    Winta Is In the Process of Selling the Property .............................................. 4

    C.    The Loan Agreement's Forum Selection Clause ............................................. 4

    D.    Plaintiff's Insufficient Service Of Process...................................................... 5

    E.    Plaintiff's Instant Motion ............................................................................. 6

ARGUMENT ........................................................................................................................... 6

    I.    The Court Lacks Jurisdiction To Entertain Plaintiff's Motion ...................................... 6

        1.  Applicable Law.................................................................................... 6

        2.  Plaintiff Failed To Accomplish Service Of Process ............................... 7

    II.    In Any Event, Plaintiff Has Not Met Its Burden Of Showing The Extraordinary Circumstancing Warranting The Appointment Of A Receiver ................................... 9

        1.  Plaintiff Has Not Established Any Imminent Danger Of Waste .......................... 10

        2.  Plaintiff Has Not Supplied Any Evidence Of Fraudulent Conduct ...................... 11

        3.  The Appointment Of A Receiver Would Harm The Value Of The Property ....... 12

        4.  Plaintiff Has Not Asserted A Claim For Ownership In This Case ..................... 12

    III.    If A Receiver Is Nevertheless Appointed, It Should Deliver The Property In Vacant Condition................................................................................................................ 14

CONCLUSION....................................................................................................................... 15

i

## TABLE OF AUTHORITIES

**Page(s)**

### FEDERAL CASES

*American Telephone and Telegraph Co. v. Merry*,
   592 F.2d 118 (2d Cir. 1979)............................................................................................6

*Fortress Credit Corp. v. Alarm One, Inc.*,
   511 F. Supp. 2d 367 (S.D.N.Y. 2007)..............................................................................7

*Gordon v. Washington*,
   295 U.S. 30 (1935)..........................................................................................................13

*Greystone Bank v. Tavarez*,
   No. 09-CV-5192, 2009 WL 10712899 (E.D.N.Y. Dec. 17, 2009)..................................12

*Kalra v. City of New York*,
   No. 05 CIV. 1563(RJS)(JCF), 2009 WL 857391 (S.D.N.Y. Mar. 31, 2009) ..................7

*Murphy Bros. v. Michetti Pipe Stringing, Inc.*,
   526 U.S. 344 (1999).......................................................................................................2, 6

*Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*,
   484 U.S. 97 (1987)............................................................................................................6

*Pierre v. Department of Ed.*,
   No. 07 CIV 6270(DLC), 2008 WL 2369224 (S.D.N.Y. Jun. 10, 2008)..........................7

*Prudential Ins. Co. of Am. v. Hilton Hotels, Corp.*,
   No. 95 CIV. 5575(KMW), 1995 WL 758781 (S.D.N.Y. Dec. 21, 1995)......................3, 11

*Ramgoolie v. Ramgoolie*,
   No. 16-CV-3345(VEC)(SN), 2016 WL 11281385 (S.D.N.Y. Dec. 20, 2016)..................7

*Smith v. Bray*,
   No. 13-CV-07172-NSR-LMS, 2014 WL 5823073 (S.D.N.Y. Nov. 10, 2014) ................8

*Tomney v. International Ctr. for the Disabled*,
   No. 02 CIV 2461(DC), 2003 WL 1990532 (S.D.N.Y. Apr. 29, 2003)............................7

*U.S. Bank N.A. v. Nesbitt Bellevue Property LLC*,
   866 F. Supp. 2d 247 (S.D.N.Y. 2012) .......................................................................13, 14

*U.S. Bank Nat'l Ass'n v. Nesbitt Bellevue Prop. LLC*,
   859 F. Supp. 2d 602 (S.D.N.Y. 2012)............................................................................10

*Varsames v. Palazzolo*,
    96 F. Supp. 2d 361 (S.D.N.Y. 2000)...................................................................................9, 12

*Zyppah, Inc. v. Ace Funding Source, LLC*,
    No. 1:19-CV-01158(ALC), 2019 WL 6647912 (S.D.N.Y. Nov. 6, 2019) ..................10, 13, 14

## STATE CASES

*First Nat'l Bank of Glen Falls v. Caputo*,
    124 A.D.2d 417 (3d Dep't 1986) .......................................................................................13

## Other Authorities

CPLR 311-a ...........................................................................................................................7, 8

12 Fed. Prac. & Proc. Civ. § 2981 (3d ed.)................................................................................12

12 Fed. Prac. & Proc. Civ. § 2983 (3d ed.).........................................................................10, 12

Fed. R. Civ. P. 4......................................................................................................................7

Fed. R. Civ. P. 66............................................................................................................1, 6, 12

Winta Asset Management LLC ("Winta") respectfully submits this memorandum of law in opposition (the "Opposition") to Plaintiff Wilmington Trust's ("Plaintiff") motion for an Order, pursuant to Fed. R. Civ. P. 66, appointing Ian V. Lagowitz of IVL Group, LLC as receiver of Winta's assets (ECF Dkt. No. 10; the "Motion").

## SPECIAL APPEARANCE

For the avoidance of doubt, it is the position of Winta that the Court does not have jurisdiction over Winta because Plaintiff has failed to accomplish service of process.  Winta respectfully submits this Opposition without consenting to Plaintiff's purported service of process, without consenting to the Court's jurisdiction, and without waiver of any of its defenses, including defenses based on lack of personal jurisdiction and insufficient service of process.

## PRELIMINARY STATEMENT

In this case, Plaintiff has interposed a relatively straightforward claim for breach of contract against Winta.  Essentially, Winta (a Delaware limited liability company) is the owner of the American Bank Note Company Building, a storied and historical landmarked building in Lower Manhattan.  In early 2015, Plaintiff's alleged predecessor-in-interest loaned Winta $15,000,000, which was made subject to a series of loan documents and secured by a mortgage on the building. According to Plaintiff, Winta defaulted under the loan agreements.  Now, Plaintiff has sued Winta for breach of contract and asked the Court to "[f]ix[] the amount due to Plaintiff" and "[d]irect that Plaintiff be paid the amounts due pursuant to the loan documents," as well as for an accounting of Winta's affairs.  That is the only relief that Plaintiff seeks from the Court with respect to Winta.

Notwithstanding Plaintiff's ordinary claim, it has petitioned this Court for an extraordinary remedy: to appoint a receiver over Winta's property, including the American Bank Note Company Building.  The application of core jurisdictional and equitable principles require denial of the

Motion.

Initially, the Motion should be denied for the simple reason that the Court lacks jurisdiction.  The reason that the Court does not have jurisdiction over Winta is that Plaintiff failed to accomplish service of process.  Plaintiff's purported service – by a method commonly known in New York as "nail and mail" – was in unquestionable variance with the Federal Rules of Civil Procedure and state law, as well as the forum selection clause contained in the loan documents. Because Winta was not properly served, the Court lacks jurisdiction to appoint a receiver over Winta's assets.  For this reason alone, the Motion should be denied.  *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of service of process . . . a court ordinarily may not exercise power over a party the complaint names as defendant.").

Even if the Court had jurisdiction over Winta – which it does not – the appointment of a receiver in this case is both unwarranted by the facts and inappropriate under applicable law. Plaintiff has not met its burden of establishing the extraordinary circumstances necessary to appoint a receiver over Winta's assets (because there are no such circumstances).

First, Plaintiff has not presented the court with any evidence that maintaining the status quo will cause Winta's property to diminish in value.  The only concrete fact asserted by Plaintiff that ostensibly supports its Motion is that Winta has not to re-let its property for three years.  Far from being evidence of "waste," however, Winta is in advanced negotiations to sell the property to a potential buyer, who requires the property to be delivered in vacant condition. The appointment of a receiver for the stated purpose of re-letting the property would *itself* diminish – and not enhance – the property's value and jeopardize its potential sale. Furthermore, Plaintiff does not – because it cannot - supply any facts at all suggesting that Winta has acted fraudulently. Courts routinely deny motions seeking to appoint a receiver in cases that do not present any risk

of diminishment in the value of property or any facts showing fraudulent activity; the same result is warranted here.

A receivership is also improper because it is not ancillary to any of Plaintiff's primary claims against Winta.  Plaintiff has asserted only a straightforward breach of contract claim, and requested only that the Court adduce the amount owed to Plaintiff under the loan documents and direct that payment.  Plaintiff has not, in contrast, sought to foreclose on its mortgage on the Property or to litigate an ownership interest in the property.  Rather, Plaintiff has, by its own admission, only filed the Motion in order to gain information that it desires about the financial condition of the property, and to give itself comfort should it, at a later time, seek to foreclose on its interests or recover on its legal claims.  Plaintiff's naked curiosity is simply not evidence that the Property "is in imminent danger of being lost, concealed, injured, diminished in value, or squandered." *Prudential Ins. Co. of Am. v. Hilton Hotels, Corp*., No. 95 CIV. 5575(KMW), 1995 WL 758781, at *2 (S.D.N.Y. Dec. 21, 1995) (denying motion for receiver).  There is no factual or legal basis to appoint a receiver here.  The Motion should be denied.

## FACTS RELEVANT TO THE INSTANT MOTION

### A.    The Subject Matter Of The Case

Winta is a Delaware limited liability company.  (ECF Dkt. No. 1 (Complaint) ¶ 4.)  It is the owner of the real property commonly known as the American Bank Note Company Building, located at 70 Broad Street, New York, New York (the "Property").  (*Id.*)  In early 2015, Plaintiff's alleged predecessor-in-interest loaned Winta $15,000,000, which was made subject to a series of loan documents (the "Loan Documents"), including a Loan Agreement dated as of April 29, 2015 ("the Loan Agreement"), and secured by a mortgage (the "Mortgage") on the Property.  (Complaint ¶¶ 9-13, 16.)  Plaintiff alleges that is the assignee of the Loan Documents (Complaint ¶ 17-37),

under which Winta is in default (Complaint ¶¶ 28-61.)  Now, Plaintiff has interposed claims against

Winta for breach of the Loan Documents (Complaint, First Count), for the appointment of a

receiver over the Property (Complaint, Second Count), and for an accounting (Complaint, Fourth

Count).

**B.      Winta Is In the Process of Selling the Property**

Winta and a prospective buyer, the Xinyuan Group, (the "Buyer") have been in advanced

negotiations for the sale of the Property since early this year.  (Declaration of Caihong Chen in

Opposition to Plaintiff's Application for the Appointment of a Receiver ("Chen Dec.") at ¶¶ 5-6.)

Winta and Buyer have agreed upon a sale price, subject to deliver of the Property vacant and a

final inspection by the Buyer. (*Id.* at ¶ 6.) However, Buyer, who is located in China, has been

unable to inspect the Property in person due to the border closure between China and the United

States that went into effect in January 2020.  (*Id.* at ¶ 7.) Since that time, Buyer and Winta have

continued their discussions, but are unable to close until the border with China reopens and Buyer

is allowed to enter the United States to visit the Property.   (*Id.*.)

**C.      The Loan Agreement's Forum Selection Clause**

The Loan Agreement contains a forum selection clause that addresses service of process in

suits "arising out of or relating to" the Loan Agreement.  (*See* Declaration of Javier Callejas, dated

July 27, 2020 ("Callejas Dec."), Exhibit 1 (Loan Agreement, ECF Dkt. No. 12-1).)  In relevant

part, that forum selection clause provides:

> BORROWER [WINTA] AGREES THAT *SERVICE OF PROCESS*
> *UPON BORROWER AT THE ADDRESS FOR BORROWER SET*
> *FORTH HEREIN* AND *WRITTEN NOTICE OF SAID SERVICE*
> *MAIL OR DELIVERED TO BORROWER IN THE MANNER*
> *PROVIDED HEREIN* SHALL BE DEEMED IN EVERY
> RESPECT EFFECTIVE SERVICE OF PROCESS UPON
> BORROWER IN ANY SUCH SUIT, ACTION, OR
> PROCEEDING IN THE STATE OF NEW YORK.

(Loan Agreement § 10.6(b) (emphasis added).)

Section 6.1 of the Loan Agreement, in turn, sets forth (i) Winta's address and (ii) the agreed-upon requirements to effect notice under the Loan Agreement. Winta's address for notice under the Loan Agreement is listed as:

> c/o 70 Broad LLC
> 70 Broad Street
> New York, New York 10004
> Attention: Hinman Au

> with a copy to:

> McCarter & English, LLP,
> 100 Mulberry Street, Four Gateway Center
> Newark, New Jersey 07102
> Attention: Jeffrey Petit, Esq.
> Facsimile No. (973) 297-3907

With respect to the manner of notice, the Loan Agreement requires that "[a]ll notices . . . required or permitted hereunder or under any other Loan Document shall be given in writing and shall be effective for all purposes if either hand delivered with receipt acknowledged, *or by a nationally registered overnight delivery service (such as Federal Express), or by certified or registered United States mail, return receipt requested, postage prepaid, or by facsimile and confirmed by facsimile answer back, in each case addressed as follows* . . . . (Loan Agreement § 6.1 (emphasis added).)

## D.    Plaintiff's Insufficient Service Of Process

Plaintiff purported to serve process on Winta on July 29, 2020. (ECF Dkt. No. 16 (Plaintiff's "Affidavit of Service").) According to its Affidavit of Service, Plaintiff affixed a copy of the summons and complaint to the Property on July 28, 2020, and mailed a copy of the same papers "by first class mail in a postpaid envelope" to the Property (c/o 70 Broad Street LLC) on July 29, 2020 (a type of service commonly referred to in New York at "nail and mail"). (*Id.*)

**E.     Plaintiff's Instant Motion**

On July 27, 2020, Plaintiff filed the instant Motion for an Order, pursuant to Fed. R. Civ.

P. 66, appointing Ian V. Lagowitz of IVL Group, LLC as receiver of Winta's assets.  (ECF Dkt.

Nos. 10-13.)  According to Plaintiff, the primary reason that it seeks the appointment of a receiver

is because it has "suspicions concerning the Property and the validity of the information submitted

by [Winta] at origination . . . [and because] Plaintiff is unable to determine what is actually

happening with the Property, which serves as Plaintiff's primary source of collateral for the Loan."

(Plaintiff's Memorandum of Law in Support of Plaintiff's Application for the Appointment of a

Receiver ("Pl. Mem."), ECF Dkt. No. 13.)

On July 30, 2020, Your Honor entered an Order, *sua sponte*, holding the Motion in

abeyance pending "service of notice of the motion on the defendants, and an opportunity for the

defendants to respond to the motion."  (ECF Dkt. No. 14 (noting that the "building itself is not at

risk of disappearing").  In response, Plaintiff filed a letter stating that it had "proceeded to serve

the Defendants personally" in the manner set forth in its Affidavit of Service.  (ECF Dkt. No. 18.)

The Court subsequently set a briefing schedule for the Motion.  (*Id.)*

## ARGUMENT

**I.      The Court Lacks Jurisdiction To Entertain Plaintiff's Motion**

*1.      Applicable Law*

Valid service is a prerequisite for a federal court to assert personal jurisdiction over a claim.

*Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).  "In the absence of service

of process . . . a court ordinarily may not exercise power over a party the complaint names as

defendant."  *Murphy Bros.*, 526 U.S. at 350; *see also American Telephone and Telegraph Co. v.

Merry*, 592 F.2d 118, 126 (2d Cir. 1979) ("In the absence of proper service, the District Court had

no In personam jurisdiction over [named party]."); *Pierre v. Department of Ed.*, No. 07 CIV. 6270(DLC), 2008 WL 2369224, at \*2 (S.D.N.Y. Jun. 10, 2008)  ("Thus, [b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").  "[T]he plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant." *Tomney v. International Ctr. for the Disabled*, No. 02 CIV. 2461(DC), 2003 WL 1990532, at \*3 (S.D.N.Y. Apr. 29, 2003).

Where – such as here – a court does not yet have personal jurisdiction of a defendant, it lacks the jurisdiction to appoint a receiver over that that defendant's assets.  *See, e.g.*, *Ramgoolie v. Ramgoolie*, No. 16-CV-3345(VEC)(SN), 2016 WL 11281385, at \*8 (S.D.N.Y. Dec. 20, 2016) (denying motion to appoint receiver where the court lacked personal jurisdiction over defendants); *Fortress Credit Corp. v. Alarm One, Inc.*, 511 F. Supp. 2d 367, 371 (S.D.N.Y. 2007) ("New York courts will not appoint a receiver until an action has been commenced."); *Kalra v. City of New York*, No. 05 CIV. 1563(RJS)(JCF), 2009 WL 857391, at \*8 (S.D.N.Y. Mar. 31, 2009) ("Plaintiffs have failed to serve [defendant] and have not met their burden of establishing that the Court may properly exercise personal jurisdiction over him.").

    2.    *Plaintiff Failed To Accomplish Service Of Process*

Plaintiff failed to accomplish service of process on Winta.  Plaintiff's purported service was not effective because it was in variance with the Federal Rules of Civil Procedure (the "Rules") and the forum selection clause contained in the Loan Agreement.

First, Fed. R. Civ. P. 4(h)(1)(A) permits service on a limited liability company, such as Winta, in accordance with applicable state law.  Under New York law, service on a limited liability company may only be made by delivering the papers personally to certain designated individuals, by service upon the New York Secretary of State, or as directed by the court.  *See* CPLR 311-a.

Service by "nail and mail," as Plaintiff performed, is not permitted. *See id.*; *Smith v. Bray*, No. 13-CV-07172-NSR-LMS, 2014 WL 5823073, at *4 (S.D.N.Y. Nov. 10, 2014) (finding insufficient service by mailing copies of the summons and complaint to defendant limited liability company).

Second, the Loan Agreement contains a forum selection clause that addresses service of process in suits "arising out of or relating to" the Loan Agreement. In relevant part, it provides:

> BORROWER [WINTA] AGREES THAT SERVICE OF PROCESS *UPON BORROWER AT THE ADDRESS FOR BORROWER SET FORTH HEREIN* AND *WRITTEN NOTICE OF SAID SERVICE MAIL OR DELIVERED TO BORROWER IN THE MANNER PROVIDED HEREIN* SHALL BE DEEMED IN EVERY RESPECT EFFECTIVE SERVICE OF PROCESS UPON BORROWER IN ANY SUCH SUIT, ACTION, OR PROCEEDING IN THE STATE OF NEW YORK." (Loan Agreement § 10.6(b) (emphasis added).)

Section 6.1 of the Loan Agreement, in turn, sets forth Winta's address, and the agreed-upon requirements to effect notice under the Loan Agreement. Winta's address for notices under the Loan Agreement is listed as "c/o 70 Broad LLC, 70 Broad Street, New York, New York 10004, Attention: Hinman Au, with a copy to: McCarter & English, LLP, 100 Mulberry Street, Four Gateway Center, Newark, New Jersey 07102, Attention: Jeffrey Petit, Esq." The manner of notice, if by mail, requires the mailing to be by "a nationally recognized overnight delivery service (such as Federal Express), or by certified or registered United States mail, return receipt requested, postage prepaid." (Loan Agreement § 6.1.)

Plaintiff's service of process did not comply with its obligations under with the Loan Agreement. Principally:

i.  The Loan Agreement requires "service of process upon Borrower at the address for borrower." Here, plaintiff merely 'nailed and mailed' the summons and complaint to the Property, which is not effective service of process for a limited liability company. (*Compare* Affidavit of Service *with* CPLR 311-a.)

8

ii.    The Loan Agreement additionally requires notice of service be mailed by either "a nationally recognized overnight delivery service (such as Federal Express), or by certified or registered United States mail, return receipt requested, postage prepaid." Here, plaintiff only mailed the papers by first class mail. (*See* Affidavit of Service.)

iii.    The Loan Agreement requires notices be mailed c/o 70 Broad LLC and to the attention of Hinman Au. Here, plaintiff did not mail the papers to the attention of Mr. Au. (*See id.*)

iv.    Finally, the Loan Agreement requires a copy of any notice to be sent to Jeffrey Petit, Esq. of McCarter & English, LLP. Here, plaintiff did not send a copy of the papers to Mr. Petit. (*See id.*)

Because Winta was not properly served pursuant to Rule 4 or the Loan Agreement, Plaintiff has failed to establish proper service on Winta, and the Court lacks jurisdiction to entertain the instant Motion to appoint a receiver over Winta's assets. Accordingly, the Motion should be denied.

**II.    In Any Event, Plaintiff Has Not Met Its Burden Of Showing The Extraordinary Circumstancing Warranting The Appointment Of A Receiver**

"The purpose of a receivership is to protect a party's interest in property pending resolution of a dispute over ownership or control between it and another party with a claim to the property." *Varsames v. Palazzolo*, 96 F. Supp. 2d 361, 366 (S.D.N.Y. 2000). Courts have "significant discretion" in determining whether to appoint a receiver and typically consider the following factors:

> Fraudulent conduct on the part of defendant; the imminent danger of the property being lost, concealed, injured, diminished in value, or squandered; the inadequacy of the available legal remedies; the probability that harm to plaintiff by denial of the appointment would be greater than the injury to the parties opposing appointment; and,

> in more general terms, plaintiff's probable success in the action and
> the possibility of irreparable injury to his interests in the property.

*U.S. Bank Nat'l Ass'n v. Nesbitt Bellevue Prop. LLC*, 859 F. Supp. 2d 602, 610 (S.D.N.Y. 2012);

*see also Zyppah, Inc. v. Ace Funding Source, LLC*, No. 1:19-CV-01158(ALC), 2019 WL 6647912,

at *2 (S.D.N.Y. Nov. 6, 2019).  "The appointment of a receiver is considered to be an extraordinary

remedy that should be employed with the utmost caution and granted only in cases of clear

necessity to protect plaintiff's interests in the property."  12 Fed. Prac. & Proc. Civ. § 2983 (3d

ed.)  An application of these legal principles to Plaintiff's Motion confirms that the appointment

of a receiver is not just unwarranted, but would be inappropriate under the circumstances.

      *1.*      *Plaintiff Has Not Established Any Imminent Danger Of Waste*

Initially, Plaintiff's Motion should be denied because Plaintiff has presented the Court with

only speculation – but not evidence – that the Property "will suffer waste and diminish in value in

the absence of an appointed receiver."  (Pl. Mem. at 5.)  The only fact asserted by Plaintiff to

ostensibly support its required showing is that Winta has "failed to re-let the Property for over

three years."  (Pl. Mem. at 5.)  However, the Property's vacancy is because the Property's

prospective buyer requires the building to be delivered in a vacant condition.  Hence, the present

vacancies *increase* the value of the Property.  It is not, as Plaintiff speculates, evidence that the

Property is being "wasted"; re-letting the Property jeopardizes the prospective sale of the Property.

Plaintiff has also not even attempted to demonstrate any other risks to the Property absent

the appointment of a receiver.  For instance, it does not (because it cannot) supply evidence that

the Property is otherwise depreciating, that Winta is not paying its taxes on the Property, that Winta

is not maintaining the Property, or that the status quo presents concrete risk to the Property's

valuation.  To the contrary, the Property is a New York City designated landmark, listed on the

National Register of Historic Places, and is an otherwise historical and well-known building in

Lower Manhattan that is in prime condition.[1]  As Your Honor has already observed, the "building itself is not at risk of disappearing." (ECF Dkt. No. 14.)

Tellingly, Plaintiff concedes that it seeks the appointment of a receiver over the Property because it wishes to obtain information about the "true financial status and performance of the Property" and "is left to speculate as to the condition of the Property." (Pl. Mem. at 5.)  Plaintiff's naked curiosity or its desire for financial information about the Property (whether Winta is in default under the Loan Documents or not) is simply not evidence that the Property "is in imminent danger of being lost, concealed, injured, diminished in value, or squandered." *Prudential Ins. Co. of Am.*, 1995 WL 758781, at *2 (denying motion for receiver).

In any event, the appointment of a receiver is a drastic and unnecessary means for Plaintiff to achieve its desire for financial transparency.  Alternative and less drastic remedies – such as common discovery devices like document requests and interrogatories – would more than suffice, obviating the need for a receiver.  *See id.* (holding that defendant's continuing management of a hotel without plaintiff's consent is "not the sort of emergency that the extraordinary remedy of the appointment of a receiver was meant to address," but instead offering the court's assistance in mediating the parties' dispute regarding management of the property).

2.      *Plaintiff Has Not Supplied Any Evidence Of Fraudulent Conduct*

Plaintiff does not – because it cannot – allege or supply any facts suggesting that Winta has acted fraudulently with respect to the Loan Agreement or the Property.  Rather, Plaintiff puts forth only its subjective "suspicions," which are wholly unsupported by record evidence.  (*See* Pl. Mem. at 2 (referring to "Plaintiff's suspicions concerning the Property and the validity of the information submitted by Borrower at origination").)  For this reason as well, the appointment of a receiver is

---

[1]      *See generally* https://en.wikipedia.org/wiki/American_Bank_Note_Company_Building.

unwarranted.  *See, e.g.*, *Greystone Bank v. Tavarez*, No. 09-CV-5192, 2009 WL 10712899, at *2

(E.D.N.Y. Dec. 17, 2009) (denying motion for receiver; "[s]ignificantly, there is no evidence of

any fraud, mismanagement, or damage to the property's marketability. The sole factual support

for Greystone's request for a receiver is that the defendants are in default. This is an insufficient

basis for its application.").

   3.  *The Appointment Of A Receiver Would Harm The Value Of The Property*

   In its Motion, Plaintiff asserts that it seeks the appointment of a receiver to, among other

things, re-let the Property.  (*See* Pl. Mem. at 5 ("In order to preserve the value of Borrower's

Assets, a receiver is clearly needed to take immediate control of them, endeavor to re-let the

Property, and operate the Property as an ongoing concern.").)  As stated, however, the appointment

of a receiver to re-let the Property under these circumstances would diminish the value of the

Property and jeopardize its sale.

   4.  *Plaintiff Has Not Asserted A Claim For Ownership In This Case*

   It is axiomatic that the "purpose of a receivership is to protect a party's interest in property

pending resolution of a dispute over ownership or control between it and another party with a claim

to the property." *Varsames*, 96 F. Supp. 2d at 366.  Generally, when a receiver is sought pursuant

to Rule 66 in a diversity case, such as this one, "the appointment of a receiver in equity is not a

substantive right but is a remedy that is ancillary to the primary relief prayed for in the suit." 12

Fed. Prac. & Proc. Civ. § 2983 (3d ed.); *see also* id. at § 2981 & n. 9 (a receiver's "appointment is

incident to other proceedings in which some form of primary relief is sought") (collecting cases).

Accordingly, if a plaintiff's primary claims do not concern or implicate an ownership interest in

the property, appointment of a receiver over that property is unwarranted.  *See, e.g.*, *Varsames*, 96

F. Supp. at 366 (denying appointment of receiver in favor of guarantor for purpose of "ensur[ing]

12

that the debt service is met and thereby protect his [substantial interest] as a guarantor"); *Zyppah, Inc.*, 2019 WL 6647912, at \*2 (denying appointment of receiver because "Plaintiffs have not asserted a specific property interest in the Entity Defendants'' assets . . . Instead, Plaintiffs principally seek a receiver for the purposes of ensuring that the Entity Defendants are capable of paying damages should judgment be entered against them.").

Here, Plaintiff's primary claim against Winta is for breach of the Loan Documents.  It has not sought to foreclose on its Mortgage on the Property,[2] or to otherwise litigate its alleged ownership or security interest.  Plaintiff's Motion for a receiver is not ancillary to any primary claim for relief (as it may have been had Plaintiff interpose a claim for foreclosure), since Plaintiff has asserted only claims for breach of contract and for an accounting.  Plaintiff has, by its own admission, only filed the Motion as a means to gain information about the financial condition of the Property and to give itself comfort should it, at a later time, seek to foreclose on its interests or recover on its legal claims.  A receiver under these circumstances is improper.[3]  *See, e.g.*, *Gordon*

---

[2]    In its Motion, Plaintiff asserts that a receivership is appropriate because a provision in the Mortgage contemplates one. (*See* Pl. Mem. at 4.)  However, that provision is inapposite because Plaintiff has not asserted a claim for foreclosure under the Mortgage.  In any event, the fact that the Mortgage contains a provision contemplating that the Plaintiff "may take such action" (Callejas Dec., Ex. 12-3 at § 10(a)(vii)) does not make the appointment of a receiver automatic or relieve Plaintiff from making the required factual and legal showing to warrant one.  *See, e.g.*, *U.S. Bank N.A. v. Nesbitt Bellevue Property LLC*, 866 F. Supp. 2d 247, 256 (S.D.N.Y. 2012) (Koeltl, J.) (where "appointment of a receiver is not automatic under the mortgage agreement," plaintiff is still required to make "an adequate showing" and "burden remains on the plaintiff"); *First Nat'l Bank of Glen Falls v. Caputo*, 124 A.D.2d 417, 418 (3d Dep't 1986) ("when the mortgagor's consent has been embodied in the mortgage itself, it has been held that a court of equity nevertheless retains the discretion" to deny an application for a temporary receiver).

[3]    This Court's decision in *U.S. Bank N.A.*, 866 F. Supp. 2d 247 is distinguishable.  There, the Court appointed a receiver for the defendants' properties because of the defendants' default on loans for which the properties were collateral, notwithstanding that plaintiff did not seek any immediate relief other than the appointment of a receiver. *Id.*, 866 F. Supp. 2d at 249, 257.  The Court's decision followed an evidentiary hearing and turned on unique facts, including representations from the plaintiff that the purpose of the receiver was to "seek[] to vindicate its right to the Collateral by liquidating the Collateral, and the plaintiff is seeking a receiver with the power to preserve the value of the Hotels, *and* to liquidate them.  Moreover, the relief sought plainly contemplates foreclosure proceedings in the various states where the hotels are located." *Id.* at 256-257 (emphasis in original).  The Court's decision also accommodated the unique fact that the receiver was necessary "to effectuate the foreclosure and liquidation of the properties that are spread over six states."

*v. Washington*, 295 U.S. 30, 37 (1935) ("Where a final decree involving the disposition of property is appropriately asked, the court in its discretion may appoint a receiver to preserve and protect the property pending its final disposition. For that purpose, the court may appoint a receiver of mortgaged property to protect and conserve it pending foreclosure."); *Zyppah, Inc.*, 2019 WL 6647912, at *2 ("Plaintiffs principally seek a receiver for the purposes of ensuring that the Entity Defendants are capable of paying damages should judgment be entered against them. Following this logic, receivers ostensibly could be appointed in any breach of contact action with judgment proof defendants. The Court declines to set such a broad-sweeping precedent. Because the issue of ownership is dispositive, the Court need not address the remaining factors including the Defendants' alleged fraud or the balance of the harms.").

## III.    If A Receiver Is Nevertheless Appointed, It Should Deliver The Property In Vacant Condition

The Motion should be denied because the Court does not have jurisdiction over Winta and Plaintiff has not met its burden of establishing a basis for a receiver to be appointed. (*See supra* Points I and II.) Should a receiver nevertheless be appointed for the Property, Winta respectfully requests that the Court exercise its discretion and equitable power to order the receiver to deliver the Property in a vacant condition, pursuant to the terms being negotiated with the prospective buyer of the Property.

---

The circumstances in this case are nothing like those in *U.S. Bank, N.A.* Here, Plaintiff has not alleged that the "foreclosure and ultimate liquidation of the [Property] is the final relief which requires the appointment of a receiver to preserve the [Property]." *Id.* Nor does this case present any extenuating circumstances, such as multi-jurisdictional assets that would require different foreclosure actions instituted in different states. Instead, Plaintiff's own papers confirm that the appointment of a receiver is only a fishing expedition for information and is not ancillary to any primary claim in the Complaint. (*See* Pl. Mem. at 2.)

**CONCLUSION**

The Motion should be denied because the Court does not have jurisdiction over Winta and

the extraordinary equitable remedy of an appointment of a receiver is unwarranted.

Date:   New York, New York
         August 17, 2020

                                          Respectfully submitted,

                                          MORRISON COHEN LLP

                                               */s/ Latisha V. Thompson*
                                               Y. David Scharf
                                               Latisha V. Thompson
                                               Daniel C. Isaacs
                                               Anna Sun
                                          909 Third Avenue
                                          New York, NY 10022
                                          Tel: (212) 735-8600
                                          dscharf@morrisoncohen.com
                                          lthompson@morrisoncohen.com
                                          disaacs@morrisoncohen.com
                                          asun@morrisoncohen.com

                                          *Attorneys for Winta Asset Management LLC*
                                          *and Shuigun Chen*

## CERTIFICATION OF COMPLIANCE

Pursuant to Rule II(D) of the Individual Practices of Judge John G. Koeltl, I certify that the

total number of words in this memorandum of law, excluding the caption, table of contents, table

of authorities, and certification of compliance, is 4,778.

*/s/ Latisha V. Thompson*
Latisha V. Thompson, Esq.
