```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
───────────────────────────────────────

WILMINGTON TRUST, NATIONAL
ASSOCIATION,

                Plaintiff,

    - against -

WINTA ASSET MANAGEMENT LLC ET AL.,

               Defendants.

───────────────────────────────────────

20-cv-5309 (JGK)

MEMORANDUM OPINION AND ORDER

**JOHN G. KOELTL**, District Judge:

    The plaintiff brought a series of claims related to the defendants' alleged default on a loan agreement. The plaintiff moved for the appointment of a temporary receiver of the property that was used as collateral on the loan along with the rental income generated by the property. The plaintiff argues that in addition to its entitlement to the appointment under Rule 66 of Federal Rules of Civil Procedure, the appointment is proper because it is expressly contemplated by the loan agreement.

    A federal court has the power in equity to appoint a receiver in order to protect a party's interest in the property. See Fed. R. Civ. P. 66. "The appointment of a receiver is considered to be an extraordinary remedy [that] should be employed cautiously and granted only when clearly necessary to protect plaintiff's interests in the property." Citibank, N.A. v. Nyland (CF8), Ltd., 839 F.2d 93, 97 (2d Cir. 1988). The

factors relevant to establishing the need for a receivership are: "[f]raudulent conduct on the part of defendant; the imminent danger of the property being lost, concealed, injured, diminished in value, or squandered; the inadequacy of the available legal remedies; the probability that harm to plaintiff by denial of the appointment would be greater than the injury to the parties opposing appointment; and, in more general terms, plaintiff's probable success in the action and the possibility of irreparable injury to his interests in the property." United States Bank Nat'l Ass'n v. Nesbitt Bellevue Prop. LLC, 866 F. Supp. 2d 247, 250 (S.D.N.Y. 2012). "[T]he existence of any imminent danger of the diminution of the value of the propert[y] . . . is a critical factor in the analysis of whether to appoint a receiver." Id. Fraudulent conduct, on the other hand, is not a prerequisite. See D.B. Zwirn Special Opportunities Fund, L.P. v. Tama Broad., Inc., 550 F. Supp. 2d 481, 491 (S.D.N.Y. 2008) (appointing a receiver without any evidence of fraud); United States v. Trusty Capital, Inc., No. 06-CV-8170 (KMK), 2007 WL 44015, at *8 (S.D.N.Y. Jan. 5, 2007) (same).

The plaintiff here has shown its entitlement to the appointment of a temporary receiver. The plaintiff demonstrated that there were breaches of the loan agreement including the payment default, the cash management default, the cessation of operations default, the borrower financial reporting default,

and the guarantor financial reporting default. Compl., Ex. A ¶¶ 28-53. These defaults, principally undisputed by the defendants, are a strong basis for an appointment of a receiver because they show a high likelihood of success on the merits. Furthermore, the elimination of rental income is a direct impairment of the plaintiff's collateral that, in part, consists of the rental income from the property. This impairment is above and beyond a mere "danger of diminution of the property," that the plaintiffs are required to show. Nesbitt Bellevue, 866 F. Supp. 2d at 250.

   The defendants' chief argument is that the appointment of the receiver would itself impair the value of the property. The defendants claim that they are currently negotiating a sale of the building, subject to the delivery of the property vacant and a final inspection. Che Decl., Dkt. No. 23, ¶ 6. Such inspection has not been possible due to the travel restrictions in place because of COVID-19. Id. ¶ 7. However, the defendants fail to produce a letter of intent or any other evidence for this claim. At any rate, even under normal conditions, a pending sale would not excuse the defendants' defaults or offset the ongoing injury to the plaintiff's collateral. In the current global circumstances when it is unclear when, for example, the potential buyer may be able to inspect the property, the prospect of a sale provides cold comfort to the plaintiff.

In addition to a strong basis for the appointment, the loan agreement provides that the plaintiff may apply for the appointment of a receiver in the event of default. Callejas Decl., Dkt. No. 12-3 at 12. While the provision does not mean the court should automatically appoint a receiver, "[g]iven that it is undisputed that several events of default had occurred . . . this provision strongly supports the appointment of a receiver." Citibank, 839 F.2d at 97. Accord D.B. Zwirn, 550 F. Supp. 2d at 491; Nesbitt Bellevue, 866 F. Supp. 2d at 250.

Both parties have submitted their preferred version of the order appointing a temporary receiver. The plaintiff's version is more complete and a better reflection of the duties a receiver in this case and therefore the Court approves the plaintiff's proposal.

The motion to appoint a temporary receiver is **granted**. The Clerk is directed to close Dkt. No. 10.

**SO ORDERED.**

**Dated:   New York, New York**
**         September 28, 2020**              /s/ John G. Koeltl
                                      **John G. Koeltl**
                              **United States District Judge**

4