UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF WELLS FARGO COMMERCIAL MORTGAGE TRUST 2015-NXS2, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2015-NXS2, acting by and through Rialto Capital Advisors, LLC, as Special Servicer under the Pooling and Servicing Agreement dated as of July 1, 2015<br><br>    Plaintiff,<br><br>    -v-<br><br>WINTA ASSET MANAGEMENT LLC; NEW YORK CITY DEPARTMENT OF FINANCE; and SHUIGUN CHEN,<br><br>    Defendants. | Case No. 1:20-cv-05309-JGK |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT WINTA ASSET
MANAGEMENT LLC'S MOTION TO DISMISS**



909 Third Avenue, New York, NY 10022-4731 • p:212.735.8600 • f:212.735.8708

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................. 1

FACTS RELEVANT TO THE INSTANT MOTION .............................................................. 2

    A.    Procedural Background............................................................................................ 2

    B.    Winta Has Been Negatively Affected By The COVID-19 Pandemic ..................... 4

    C.    Plaintiff Files The FAC Seeking Foreclosure Notwithstanding The Governor's Executive Orders Barring Foreclosure Actions ................................... 4

ARGUMENT ............................................................................................................................ 5

    I.    Plaintiff's First Count For Foreclosure Should Be Dismissed Because It Is Barred By EO 202.28 ...................................................................................... 5

    II.    At A Minimum, The Portion Of Plaintiff's First Count For Foreclosure Based Upon Winta's Monetary Default Should Be Dismissed .......................... 8

    III.    Should The Court Dismiss The First Count For Foreclosure Of The Mortgage, The Court Should Also Dismiss The Second Count For A Receiver And Vacate The Temporary Receivership Order ................................................................. 8

CONCLUSION ...................................................................................................................... 10

CERTIFICATION OF COMPLIANCE ................................................................................. 11

i

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Chance v. Armstrong*,
    143 F.3d 698 (2d Cir. 1998)................................................................................................5

*Gordon v. Washington*,
    295 U.S. 30 (1935)...............................................................................................................9

*Harris v. City of New York*,
    186 F.3d 243 (2d Cir. 1999)................................................................................................5

*Varsames v. Palazzolo*,
    96 F. Supp. 2d 361 (S.D.N.Y. 2000)................................................................................8, 9

*Zyppah, Inc. v. Ace Funding Source, LLC*,
    2019 U.S. Dist. LEXIS 193419 (S.D.N.Y. Nov. 6, 2019).....................................................9

## RULES

Fed. R. Civ. P. 12(b)(6)............................................................................................................1, 5

## OTHER AUTHORITIES

12 Fed. Prac. & Proc. Civ. § 2983 (3d ed.)...................................................................................8

Governor Andrew Cuomo's Executive Order 202.28 ........................................................ *passim*

Governor Andrew Cuomo's Executive Order 202.81 ..................................................................5

Governor Andrew Cuomo's Executive Order 202.92 ..................................................................5

Winta Asset Management LLC ("Winta") respectfully submits this memorandum of law in support of its motion for an Order, pursuant to Fed. R. Civ. P. 12(b)(6), dismissing the First and Second Counts of Plaintiff's First Amended Complaint.

## PRELIMINARY STATEMENT

The principal issue presented on this motion is whether Plaintiff's claim for foreclosure of a commercial mortgage against a COVID-19 affected borrower based on that borrower's nonpayment is barred by Governor Andrew Cuomo's Executive Order 202.28. In relevant part, EO 202.28 bars "a proceeding or enforcement of . . . a foreclosure of any . . . commercial mortgage, for nonpayment of such mortgage, owned . . . by someone . . . otherwise facing financial hardship due to the COVID-19 pandemic . . . ." *See* Executive Order ("EO") 202.28 (as extended). In Plaintiff's First Amended Complaint ("FAC"), however, Plaintiff seeks to do exactly that by foreclosing on Winta's commercial mortgage.

Plaintiff's First Count in the FAC – seeking foreclosure of Winta's mortgage – is predominantly based on Plaintiff's claim that Winta defaulted under the subject loan by first failing to make a monthly payment in April 2020. To be sure, Plaintiff only accelerated the subject loan on May 12, 2020, just one month after Plaintiff alleges Winta first failed to make a mortgage payment, squarely in the midst of the COVID-19 pandemic, and less than two months into the Governor's moratorium on all foreclosure actions. To make matters worse, Winta is also facing financial hardship due to the COVID-19 pandemic. In addition to the fact that the market for the rental and sale of commercial properties in Manhattan has plummeted due to the COVID-19 pandemic, the United States' border closure with China has prevented Winta from showing and marketing the Property to its prospective buyers. Because Plaintiff seeks to foreclose on Winta's commercial mortgage for nonpayment, and Winta is undisputedly an owner "facing financial

hardship due to the COVID-19 pandemic," EO 202.28 bars Plaintiff's foreclosure claim in its entirety.  *See* EO 202.28.

Plaintiff's decision to bring a foreclosure claim now is curious, since only months ago it argued to this Court that EO 202.28 barred it from doing exactly that.  Namely, in court papers, Plaintiff admitted that at the time it commenced this case, it was "precluded from asserting a claim for foreclosure of the Mortgage in the Complaint due to the promulgation of [EO 202.28] . . . Plaintiff fully intends to amend the Complaint to assert its claim for foreclosure of the Mortgage *when this moratorium is no longer applicable*."  *See* ECF Doc. 30 at 6 (internal citations omitted and emphasis added).  Yet, EO 202.28 remains in place today (as extended), and Plaintiff's FAC is based on the same exact facts as its original complaint.  Because Plaintiff itself has already acknowledged that its mortgage foreclosure claim in the FAC is barred in its entirety by EO 202.28, Plaintiff's First Count for foreclosure of the Mortgage in the FAC should be dismissed.

Finally, should the Court dismiss Plaintiff's foreclosure claim, Plaintiff's Second Count seeking the appointment of a receiver should also be dismissed, and the Court's prior order appointing a temporary receiver over Winta's property should be concomitantly vacated. Plaintiff's primary claim against Winta in the FAC is for foreclosure of the Mortgage.  It does not otherwise seek to litigate its alleged ownership or security interest.  Should the First Count be dismissed, then Plaintiff's Second Count seeking the appointment of a receiver is not ancillary to any primary claim for relief, and the appointment of a temporary receiver over the Property is mooted.

## FACTS RELEVANT TO THE INSTANT MOTION

**A.     Procedural Background**

Winta is a Delaware limited liability company.  *See* ECF Dkt. No. 58 (FAC)) ¶ 4.  It is the

2

owner of the real property commonly known as the American Bank Note Company Building, located at 70 Broad Street, New York, New York (the "Property"). *See id.*

In early 2015, Plaintiff's alleged predecessor-in-interest loaned Winta $15,000,000, which was made subject to a series of loan documents (the "Loan Documents"), including a Loan Agreement dated as of April 29, 2015 ("the Loan Agreement"), and secured by a mortgage (the "Mortgage") on the Property. *See id.* ¶¶ 10-17. Plaintiff alleges that is the assignee of the Loan Documents (*id.* ¶ 18-28). All payments under the Loan Documents were timely made until April 2020. *See id.* ¶ 31.

On May 12, 2020 – just after Winta's first incident of non-payment of the loan – Plaintiff notified Winta of the occurrences of alleged "Events of Defaults" and accelerated the maturity date of the loan (making all amounts due under the Loan Documents immediately due and payable) (the "Acceleration"). *See* FAC ¶ 57. Plaintiff never attempted to accelerate the loan prior to the onset of the COVID-19 pandemic or prior to Winta's first alleged incident of non-payment. *See generally* FAC.

On July 10, 2020, Plaintiff commenced this case. In light of the Governor's executive orders (discussed below), Plaintiff interposed a claim for *breach of contract* (as well as for a receiver and an accounting), and not for foreclosure. Plaintiff principally alleged that Winta defaulted under the Loan Documents when it failed to pay the regularly scheduled monthly payment on April 6, 2020. *See* ECF Doc. No. 1 (Original Complaint) ¶¶ 28-31. Plaintiff also alleged that prior to 2020, Winta defaulted under the Loan Documents by failing to remit rent into the Property's dedicated clearing account, by permitting the tenants at the Property to vacate, and by failing to provide certain financial records. *See id.* ¶¶ 32-48.

On September 28, 2020, the Court entered the Order Appointing Receiver, in which it

3

appointed a temporary receiver for the Property. *See* ECF Doc. No. 42 ("Temporary Receivership Order").

Winta filed its answer on October 23, 2020, denying that any Events of Default occurred under the Loan Documents. *See* ECF Doc. No. 44. At the same time, it also interposed counterclaims to reinstate the Loan Documents to their original terms as if Plaintiff had not declared any Events of Default or accelerated the loan. *See id.* Aside from Winta's filing of its Answer and Counterclaims, no circumstances have changed between the time when Plaintiff filed this case and the present.

**B.      Winta Has Been Negatively Affected By The COVID-19 Pandemic**

Before the onset of the COVID-19 pandemic, Winta and a prospective buyer had been in advanced negotiations for the sale of the Property. *See* Declaration of Caihong Chen ("Chen Dec.") at ¶ 5. However, that prospective buyer, who is located in China, has been unable to inspect the Property in person due to the border closure between China and the United States that went into effect in January 2020. *See id.* Since that time, the prospective buyer and Winta have continued their discussions, but are unable to close until the border with China reopens and the prospective buyer is allowed to enter the United States to visit the Property. *See id.* The United States' border closure with China has also prevented Winta from showing and marketing the Property to any other prospective buyers, all of which are based in China. *See id.* ¶ 6.

**C.      Plaintiff Files The FAC Seeking Foreclosure Notwithstanding The Governor's Executive Orders Barring Foreclosure Actions**

In view of the health and economic impacts of the pandemic, which understandably hit the commercial real estate rental and sales markets in New York City particularly hard, Governor Andrew Cuomo issued an Executive Order ("EO") on May 7, 2020 (effective June 20, 2020)

4

instituting a moratorium on, among other things, commercial foreclosures for nonpayment. The Governor's Executive Order provides, in relevant part:

> There shall be no initiation of a proceeding or enforcement of . . . a foreclosure of any . . . commercial mortgage, for nonpayment of such mortgage, owned . . . by someone . . . otherwise facing financial hardship due to the COVID-19 pandemic for a period of sixty days . . .

*See* EO 202.28; EO 202.48 (continuing EO 202.28 for commercial mortgagors). Governor Cuomo subsequently extended the moratorium through February 26, 2021. *See* EO 202.81, EO 202.92.

Notwithstanding EO 202.28, on February 2, 2021, Plaintiff filed the FAC. The FAC is identical to the original complaint, except in one respect: Plaintiff substituted its first claim for breach of the Loan Documents with a claim for foreclosure of the Mortgage. *See* FAC ¶¶ 10 *et seq*.

## ARGUMENT

A complaint may be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure where it fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). The issue on such a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether its claim, as pleaded, is sufficient to afford it the opportunity to proceed on the evidence. *See Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998); *accord Harris v. City of New York*, 186 F.3d 243, 247 (2d Cir. 1999).

### I. Plaintiff's First Count For Foreclosure Should Be Dismissed Because It Is Barred By EO 202.28

Plaintiff's First Count for foreclosure of the Mortgage is barred by EO 202.28 because it is a proceeding to foreclose on a commercial mortgage based on nonpayment by a borrower facing financial hardship due to the COVID-10 pandemic. *Compare* FAC ¶¶ 29-32 *and* Chen Dec. ¶¶ 5-

5

6 *with* 202.28. Consequently, Plaintiff's claim for mortgage foreclosure in the FAC should be dismissed. *See* EO 202.28.

In prior court filings, Plaintiff acknowledged that EO 202.28 bars it from instituting a foreclosure proceeding against Winta. Nevertheless, it asserts that its foreclosure claim in the FAC should be permitted because (i) "many of Defendants' defaults transpired several months or even years prior to the onset of the COVID-19 pandemic"; and (ii) the FAC includes allegations of "Non-Monetary Defaults", in addition to allegations of Winta's alleged "non-payment" of the Mortgage. (*See* ECF Doc. 51 at 3.) Plaintiff's arguments are specious; they are belied by the allegations of the Complaint, the chronology of this case, and Plaintiff's own public statements.

First, the FAC is predominantly animated by Plaintiff's claim that Winta defaulted under the Loan Documents by failing to make its April 2020 payment. Notwithstanding Plaintiff's allegations that non-monetary defaults occurred prior to 2020, Plaintiff only accelerated the loan on May 12, 2020, just *one month* after Plaintiff alleges Winta first failed to make a mortgage payment, squarely in the midst of the COVID-19 pandemic, and less than two months into the Governor's moratorium on all foreclosure actions. *See* FAC ¶ 57. Plaintiff's allegation of nonpayment of rent is also front and center in the FAC; it is the very first default alleged by Plaintiff. *See* FAC ¶¶ 29-32.

Winta is also undisputedly facing financial hardship due to the COVID-19 pandemic. In addition to the fact that the market for the rental and sale of commercial properties in Manhattan has plummeted due to the COVID-19 pandemic, the United States' border closure with China has prevented Winta from showing and marketing the Property to its prospective buyers. *See* Chen Dec. ¶¶ 5-6. Consequently, the political and economic fallout from the COVID-19 pandemic has left it essentially impossible for Winta to market or sell the property, let alone to raise the tens of

6

Case 1:20-cv-05309-JGK-VF Document 63 Filed 02/16/21 Page 10 of 14

millions of dollars that would be necessary to redeem the Mortgage post-Acceleration. Because Winta is undisputedly an owner "facing financial hardship due to the COVID-19 pandemic," the Governor's moratorium applies to bar Plaintiff's foreclosure claim. *See* EO 202.28.

Finally, Plaintiff has already argued *in this case* that EO 202.28 bars its foreclosure claim in its entirety (notwithstanding its tag-along allegations of non-monetary defaults). Namely, in its Reply Memorandum of Law in Further Support of Plaintiff's Application for the Appointment of a Receiver (ECF Doc. 30), counsel for Plaintiff argued to the Court:

> As an initial matter, at the [time] Plaintiff commenced this action, ***it was precluded from asserting a claim for foreclosure of the Mortgage in the Complaint due to the promulgation of New York State Executive Order 202.28 ("EO 202.28")*** which prohibits the initiation "of a proceeding or enforcement of either an eviction . . . or a foreclosure . . . owned or rented by someone that is . . . facing financial hardship due to the COVID-19 pandemic for a period of sixty days beginning on June 20, 2020." [] By virtue of subsequent Executive Orders 202.48, 202.55 and 202.57 (issued on August 20, 2020), the moratorium on foreclosure proceedings is extended until September 20, 2020. [] Plaintiff fully intends to amend the Complaint to assert its claim for foreclosure of the Mortgage ***when this moratorium is no longer applicable***.

*See* ECF Doc. 30 at 6 (internal citations omitted and emphasis added).

When Plaintiff commenced this case in July 2020, it considered – and rejected – interposing the very same claim it is making today. But the same exact executive orders that were in place last year remain in place today (as extended), and Plaintiff's FAC is based on the same exact facts as its original complaint verbatim. Because Plaintiff's mortgage foreclosure claim in the FAC is barred by EO 202.28, Plaintiff's First Count for foreclosure of the Mortgage in the FAC should be dismissed.

7

## II. At A Minimum, The Portion Of Plaintiff's First Count For Foreclosure Based Upon Winta's Monetary Default Should Be Dismissed

Should the Court find that Plaintiff is nevertheless entitled to bring its First Count for foreclosure of the Mortgage only insofar as it is based on Winta's alleged *non-monetary* defaults, the Court should still dismiss that portion of the First Count premised on Winta's alleged nonpayment of the Mortgage as barred by EO 202.28. *See* FAC ¶¶ 29-32.

## III. Should The Court Dismiss The First Count For Foreclosure Of The Mortgage, The Court Should Also Dismiss The Second Count For A Receiver And Vacate The Temporary Receivership Order

Should the Court dismiss Plaintiff's First Count for foreclosure of the Mortgage, Plaintiff's Second Count seeking the appointment of a receiver should also be dismissed, and the Court's Temporary Receivership Order should be concomitantly vacated.

It is axiomatic that the "purpose of a receivership is to protect a party's interest in property pending resolution of a dispute over ownership or control between it and another party with a claim to the property." *Varsames v. Palazzolo*, 96 F. Supp. 2d 361, 366 (S.D.N.Y. 2000). Generally, when a receiver is sought or appointed pursuant to Rule 66 in a diversity case, such as this one, "the appointment of a receiver in equity is not a substantive right but is a remedy that is *ancillary to the primary relief prayed for in the suit.*" 12 Fed. Prac. & Proc. Civ. § 2983 (3d ed.) (emphasis added); *see also* id. at § 2981 & n. 9 (a receiver's "appointment is incident to other proceedings in which some form of primary relief is sought") (collecting cases).

Here, Plaintiff's primary claim against Winta is for foreclosure of the Mortgage. It does not otherwise seek to litigate its alleged ownership or security interest. Plaintiff's Second Count seeking the appointment of a receiver is thus ancillary to Plaintiff's mortgage foreclosure claim, but not to any other of Plaintiff's claim for relief (since Plaintiff's only other claim against Winta is for an accounting). Should Plaintiff's First Count for foreclosure of the Mortgage is dismissed,

then Plaintiff's remaining claims against Winta (for an accounting) do not concern or implicate an ownership interest in the property. Appointment of a permanent or temporary receiver over the Property is thus unwarranted. *See, e.g.*, *Varsames*, 96 F. Supp. at 366 (denying appointment of receiver in favor of guarantor for purpose of "ensur[ing] that the debt service is met and thereby protect his [substantial interest] as a guarantor"); *Zyppah, Inc. v. Ace Funding Source, LLC*, 2019 U.S. Dist. LEXIS 193419, at *7 (S.D.N.Y. Nov. 6, 2019) (denying appointment of receiver because "Plaintiffs have not asserted a specific property interest in the Entity Defendants' assets. Instead, Plaintiffs principally seek a receiver for the purposes of ensuring that the Entity Defendants are capable of paying damages should judgment be entered against them.") (internal citations omitted); *Gordon v. Washington*, 295 U.S. 30, 37 (1935) ("Where a final decree involving the disposition of property is appropriately asked, the court in its discretion may appoint a receiver to preserve and protect the property pending its final disposition. For that purpose, the court may appoint a receiver of mortgaged property to protect and conserve it pending foreclosure.").

## **CONCLUSION**

The First and Second Counts of the FAC should be dismissed in their entirety.

Date:  New York, New York
February 16, 2021

Respectfully submitted,

MORRISON COHEN LLP

*/s/ Latisha V. Thompson*
Y. David Scharf
Latisha V. Thompson
Daniel C. Isaacs
909 Third Avenue
New York, NY 10022
Tel: (212) 735-8600
dscharf@morrisoncohen.com
lthompson@morrisoncohen.com
disaacs@morrisoncohen.com

*Attorneys for Winta Asset Management LLC and Shuigun Chen*

## CERTIFICATION OF COMPLIANCE

Pursuant to Rule II(D) of the Individual Practices of Judge John G. Koeltl, I certify that the total number of words in this memorandum of law, excluding the caption, table of contents, table of authorities, and certification of compliance, is 2,751.

<div align="right">

/s/ Latisha V. Thompson
Latisha V. Thompson, Esq.

</div>