UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF WELLS FARGO COMMERCIAL MORTGAGE TRUST 2015-NXS2, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2015-NXS2, acting by and through Rialto Capital Advisors, LLC, as Special Servicer under the Pooling and Servicing Agreement dated as of July 1, 2015,<br><br>       Plaintiff,<br><br>  v.<br><br>WINTA ASSET MANAGEMENT LLC; NEW YORK CITY DEPARTMENT OF FINANCE; and SHUIGUN CHEN,<br><br>       Defendants. | Civil Action File No. 20-cv-05309-JGK<br><br><br><br><br><br><br><br><br><br><br><br>**JOINT RULE 26(f) REPORT** |

In accordance with Federal Rule of Civil Procedure 26(f), counsel for plaintiff Wilmington Trust, National Association, as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Trust 2015-NXS2, Commercial Mortgage Pass-Through Certificates, Series 2015-NXS2 ("Plaintiff"), acting by and through Rialto Capital Advisors, LLC, as Special Servicer under the Pooling and Servicing Agreement dated as of July 1, 2015, and defendants Winta Asset Management LLC ("Winta") and Shuigun Chen (collectively, "Defendants" and, together with Plaintiff, the "Parties") conferred on February 18, 2021, and submit the following report of their meeting for the Court's consideration.

1

I.      SUMMARY OF CLAIMS AND DEFENSES

   A.      Plaintiff's Summary

Plaintiff is the current holder of the defaulted $15,000,000.00 loan that is the subject of this an action, the repayment of which is secured by, inter alia, a financial district landmark building known as the American Bank Note building located at 70 Broad Street, New York, New York (the "Property").

Plaintiff commenced this action on July 1, 2020 to enforce the subject loan documents based upon a myriad of defaults by Defendants on their contractual obligations. These defaults are both monetary (the Payment Default) and non-monetary (the Cash Management Default, the Cessation of Operations Default, the Borrower Financial Reporting Default, and the Guarantor Financial Reporting Default [collectively, the "Non-Monetary Defaults"]) in nature.[1] As this Court recognized in its Memorandum Opinion and Order Appointing Receiver and Order Appointing Receiver dated September 28, 2020, Defendants failed to principally dispute any of these defaults.[2]

Because the foreclosure moratorium currently in place in New York does not bar the commencement or enforcement of foreclosure proceedings based upon anything other than non-payment, the existence of the Non-Monetary Defaults entitles Plaintiff to foreclose the subject mortgage encumbering the Property. With Defendants having failed to previously, principally dispute the Non-Monetary Defaults, it is apparent that they possess no defense to Plaintiff's asserted claims and that, ultimately, this Court should award Plaintiff judgment as a matter of law on its asserted mortgage foreclosure claim.

---

[1] See ECF No. 57 ¶¶ 29-53.

[2] See ECF No. 41 at p. 3 ("These defaults, principally undisputed by the defendants, are a strong basis for an appointment of a receiver because they show a high likelihood of success on the merits.")

**B.    Defendants' Summary**

Winta, a Delaware limited liability company, is the owner of the real property commonly known as the American Bank Note Company Building, located at 70 Broad Street, New York, New York (the "Property"). In early 2015, Plaintiff's alleged predecessor-in-interest loaned Winta $15,000,000, which was made subject to a series of loan documents, and secured by a mortgage on the Property. All payments under the loan were timely made until April 2020, after which Plaintiff notified Winta of the occurrences of alleged "Events of Defaults" and accelerated the maturity date of the loan.

On July 10, 2020, Plaintiff commenced this case by filing its complaint. In light of Executive Order 202.28, which barred (and still bars) the initiation of a proceeding for foreclosure of a commercial mortgage for nonpayment, Plaintiff interposed a claim for breach of contract (and not foreclosure) against Winta, as well as claims for a receiver and an accounting. It also brought a claim for breach of contract against Mr. Chen. Plaintiff principally alleges that Winta defaulted under the loan for nonpayment. Plaintiff also alleges Winta defaulted under the loan by failing to remit rent into the Property's dedicated clearing account, by permitting the tenants at the Property to vacate, and by failing to provide certain financial records.

Defendants answered the complaint on October 23, 2020, denying that any Events of Default occurred under the loan. *See* ECF Doc. No. 44. At the same time, they also interposed counterclaims to reinstate the loan to its original terms as if Plaintiff had not declared any Events of Default or accelerated the loan. *See id.*

Notwithstanding EO 202.28, on February 2, 2021, Plaintiff filed its first amended complaint ("FAC"). The FAC is identical to the original complaint, except in one respect: Plaintiff substituted its first claim for breach of contract with a claim for commercial mortgage foreclosure.

On February 16, 2021, Winta filed a motion to dismiss Counts 1 and 2 of the FAC because they are barred by EO 202.28.

## II. PROPOSED DISCOVERY PLAN

The Parties will conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York and jointly propose to the Court the discovery plan outlined below solely with respect to the First and Fourth Counts of Plaintiff's First Amended Complaint as well as Defendants' Counterclaims to the original Complaint:

- Deadline to Exchange Initial Disclosures        March 29, 2021
- Deadline to Complete Fact Discovery             June 14, 2021
- Deadline to Serve Expert Disclosures            July 12, 2021
- Deadline to Serve Rebuttal Expert Disclosures   August 16, 2021
- Deadline to Complete Expert Disclosure          September 3, 2021

Should this Court deny Defendants' pending motion to dismiss the First Amended Complaint (the "Motion to Dismiss") and Defendants' subsequently interpose an answer to the First Amended Complaint, Plaintiff intends to seek summary judgment on the First and Fourth Counts of the First Amended Complaint and severance of the Third Count of the First Amended Complaint (Guarantor Recourse Liability) for later determination in the event a court-ordered auction of the Property results in a deficiency with respect to the amount due and owing to Plaintiff.[3]  Should this occur, the Parties jointly propose to complete fact discovery with respect to the Third Count of the First Amended Complaint within 120 days of any such sale that results in a deficiency.

---

[3] Plaintiff's Second Count of the First Amended Complaint seeks the appointment of a receiver.  By Order Appointing Receiver dated September 28, 2020, this Court appointed Ian V. Lagowitz as receiver of, inter alia, the Property. See ECF No. 42.  As such, discovery is not needed with respect to the Second Count of the First Amended Complaint.

### III. LIMITATIONS ON DISCOVERY

The Parties did not agree to any limitations on the number of interrogatories, requests for production, or requests for admission that may be served, except to the extent provided by the Federal Rule of Civil Procedure and/or the Local Rules of the Southern District of New York. With respect to the number of depositions, neither Plaintiff nor Defendants currently anticipate taking more than ten depositions.

### IV. PRIVILEGE LOGS

The Parties agreed that they will not log any communications between the Parties and their outside litigation counsel in this action, or any privileged communications sent after July 10, 2020, the date Plaintiff filed the original Complaint. The Parties will continue to discuss ways to reduce the burden of privilege logging, including exploring the use of categorical privilege logs.

### V. ELECTRONIC DISCOVERY AND PRESERVATION OF DOCUMENTS AND INFORMATION

The Parties confirmed that they have taken steps to preserve documents and information relevant to the claims and defenses at issue in this action. The Parties discussed and agreed to exchange discovery in PDF format along with metadata and native files as needed. They further agreed to discuss the exchange of lists of custodians and search terms to apply, if needed, at an appropriate future time.

### VI. PLEADING AMENDMENTS AND JOINDER OF ADDITIONAL PARTIES

The Parties do not anticipate the need for further pleading amendments or joinder of additional parties. Notwithstanding the foregoing, the Parties agree to April 1, 2021 as the deadline for any further amendment to the pleadings.

## VII. ANTICIPATED MOTIONS

Should this Court deny the Motion to Dismiss and Defendants' subsequently interpose an answer and counterclaims to the First Amended Complaint, Plaintiff anticipates filing a motion for summary judgment after discovery is completed with respect to all claims asserted herein (except for the Second and Third Counts of the First Amended Complaint) and Defendants' counterclaims, and Defendants anticipate filing a motion for summary judgment after discovery is completed with respect to all of Plaintiff's claims in the First Amended Complaint and Defendants' counterclaims.

## VIII. SETTLEMENT

The Parties have discussed settlement but have been unable to reach any agreement to date.

Dated: New York, New York
February 19, 2021

| **MORRISON COHEN LLP** | **THOMPSON & KNIGHT LLP** |
|---|---|
| By: _/s/ Latisha V. Thompson_____ <br> Y. David Scharf, Esq. <br> Latisha V. Thompson, Esq. <br> Daniel C. Isaacs, Esq. <br> *Attorneys for Defendants Winta Asset Management LLC and Shuigun Chen* <br> 909 Third Avenue <br> New York, New York 10022 <br> Phone: (212) 735-8600 <br> dscharf@morrisoncohen.com <br> lthompson@morrisoncohen.com <br> disaacs@morrisoncohen.com | By: _/s/ Keith M. Brandofino_____ <br> Keith M. Brandofino. Esq. <br> David V. Mignardi, Esq. <br> *Attorneys for Plaintiff* <br> 900 Third Avenue, 20th Floor <br> New York, New York 10022 <br> Phone: (212) 751-3166 <br> keith.brandofino@tklaw.com <br> david.mignardi@tklaw.com |