UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILMINGTON TRUST, NATIONAL ASSOCIATION,

Plaintiff,

- against -

WINTA ASSET MANAGEMENT LLC ET AL.,

Defendants.

20-cv-5309 (JGK)

MEMORANDUM OPINION AND ORDER

JOHN G. KOELTL, District Judge:

The plaintiff, Wilmington Trust, National Association, as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Trust 2015-NXS2 ("Trustee"), brought this action against Winta Asset Management LLC ("Winta"), New York City Department of Finance (the "DOF"), and Shuigun Chen, asserting counts of mortgage foreclosure, appointment of a receiver, breach of contract of a guaranty, and an accounting, arising from a 2015 $15 million loan made to Winta (the "Loan") secured by a mortgage on the American Bank Note Company Building at 70 Broad Street, New York, New York (the "Property").

Winta moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) based on the existence of New York State's moratorium on mortgage foreclosures for nonpayment. For reasons explained below, the motion is **denied**.

I

The following facts are drawn from the First Amended Complaint ("FAC") and are accepted as true for the purposes of this motion.

The Trustee is a national banking association with its designated main office located in Wilmington, Delaware. FAC ¶ 1. It is therefore a citizen of Delaware. See Wachovia Bank, Nat'l Ass'n v. Schmidt, 546 U.S. 303, 307 (2006). The Trustee is the duly appointed trustee and servicer of the Loan. FAC ¶¶ 2-3. Winta is a Delaware limited liability company with members in China and New York. FAC ¶ 4. It is therefore a citizen of those jurisdictions. See Bayerische Landesbank v. Aladdin Capital Mgmt. LLC, 692 F.3d 42, 49 (2d Cir. 2012). The DOF is a municipal entity based in New York. FAC ¶ 5. Shuigun Chen is a guarantor on the Loan and a citizen of China. FAC ¶¶ 4, 6. Accordingly, the plaintiff pleads that the Court has subject matter jurisdiction based on complete diversity of citizenship. FAC ¶ 7. The agreement that created the Loan (the "Loan Agreement") provides for venue in this district. FAC ¶¶ 8-9.

By the Loan Agreement dated April 29, 2015, the Trustee's predecessor-in-interest ("Original Lender") made the Loan to Winta. FAC ¶ 10. The parties executed a note and a mortgage that was recorded in the Office of City Register of the City of New York ("City Register") and created a security interest in

buildings, structures, and improvement in the Property, as well as equipment, leases, and rents (the Collateral). FAC ¶¶ 11-13. As additional security, Winta granted the Original Lender a security interest in all leases and rents through an assignment. FAC ¶ 14. The interest was perfected through filings of financing statements with the City Register and the Delaware Secretary of State. FAC ¶¶ 15-16. The Loan Agreement, the note, the mortgage, and the financing statements are collectively referred to as the "Loan Documents." The Loan was subsequently assigned to an interim holder and then to the Trustee. FAC ¶¶ 18-28.

Multiple events of default under the Loan Documents have occurred since 2019. Starting in April 2020, Winta has been in payment default for failure to remit monthly debt service payments (the "Payment Default") and by notice on April 14, 2020, the Trustee notified Winta of its default. FAC ¶¶ 29-32. By notice dated August 15, 2019, the Trustee notified Winta of its default on the cash management obligation for failure to remit rents into a clearing account as required by the Loan Agreement (the "Cash Management Default"). FAC ¶¶ 33-37. Furthermore, Winta has been in default on its obligation to notify the lender of cancellation or termination of leases in the Property ahead of such changes since April 2017 (the "Cessation of Operations Default"). FAC ¶¶ 38-43. In the August

15, 2019 notice, the Trust also notified Winta of a default under the provisions of the Loan Agreement that require Winta to provide quarterly financial reports (the "Borrower Financial Reporting Default"). FAC ¶¶ 44-48. By notice dated March 25, 2020, the Trustee notified Winta of the Guarantor's default on the obligation under the Loan Agreement to provide certain financial reporting document (the "Guarantor Financial Reporting Default"). FAC ¶¶ 49-53.

On May 2, 2020, the Trustee again notified Winta of the occurrence of the default events and accelerated and declared the entire amount under the Loan Agreement due and payable (the "Notice of Acceleration"), including the principal amount of $15 million, accrued and unpaid interest, late charges, and attorney's fees, costs, and expenses. FAC ¶¶ 57, 59. Despite receipt of the Notice of Acceleration and all prior notices of default, Winta and the Guarantor have failed to cure the defaults or satisfy the amount owed by Winta under the Loan Agreement and, accordingly, the Trustee seeks to foreclose upon the Mortgage based on the non-monetary defaults. FAC ¶ 58.

On May 7, 2020, New York's Governor Andrew Cuomo issued Executive Order 202.28 ("EO 202.28") which provides, in relevant part:

> There shall be no initiation of a proceeding or enforcement of either an eviction of any residential or commercial tenant, for

> nonpayment of rent or a foreclosure of any residential or commercial mortgage, for nonpayment of such mortgage, owned or rented by someone that is eligible for unemployment insurance or benefits under state or federal law or otherwise facing financial hardship due to the COVID-19 pandemic for a period of sixty days beginning on June 20, 2020.

N.Y. Exec. Order No. 202.28. Through subsequent orders, the moratorium on enforcement of commercial mortgages for nonpayment has been extended through February 26, 2021. N.Y. Exec. Order Nos. 202.48, 202.81, 202.92. On June 24, 2021, Governor Cuomo issued Executive Order 210 ("EO 210") which rescinded the COVID-related emergency orders, including Executive Orders 202 through 202.111, effective June 25, 2021. N.Y. Exec. Order No. 210.

**II**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007).[1] The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, citations, footnotes, and internal quotation marks in quoted text.

plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Id. When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).

**III**

Winta argues that the Trustee's claim for foreclosure should be dismissed because it is barred by EO 202.28. Winta claims that it is facing financial hardship within the meaning of the Executive Order and that the foreclosure claim is "predominantly animated" by Winta's payment default.

As an initial matter, Winta has failed to demonstrate financial hardship resulting from COVID-19. Winta attempts to support its claim of financial hardship through a declaration of a Vice President of Winta, Caihong Chen,[2] which is plainly beyond the scope of the complaint and cannot be relied on in a motion to dismiss. See Chambers, 282 F.3d at 153. In any event, the declaration does not establish financial hardship caused by COVID-19. While the declaration explains why it has been difficult to sell the Property, this does not provide any insight into Winta's financial condition and how it may have been affected by COVID-19. Therefore, the Court could not determine whether Winta has access to other funds despite the effects of COVID-19 to enable it to make the payments that are due under the Loan Agreement. See SRI Eleven 1407 Broadway Operator LLC v. Mega Wear Inc., 144 N.Y.S.3d 289, 310 (Civ. Ct. 2021) (interpreting EO 202.28 in a landlord-tenant dispute and observing that "financial impact is not synonymous with financial hardship [and that] a tenant might have access to cash reserves or assets to pay the rent, even in the face of little or no revenue from the business itself").

[2] The declaration states, in relevant part, that due to COVID-19 restrictions, Winta has not been able to complete a sale to a prospective buyer in China who has been in talks with Winta since before the pandemic, and that the border closure with China has prevented Winta from showing or marketing the Property to any other prospective buyers, all of whom are located in China. Chen Decl. ¶¶ 5-6.

In any event, EO 202.28 does not apply to this action because the Trustee's foreclosure claim is based on reasons other than nonpayment. EO 202.28 only extends to the "initiation of . . . a foreclosure of any . . . commercial mortgage, for nonpayment of such mortgage." N.Y. Exec. Order No. 202.28.[3] However, the Trustee's foreclosure claim is based on a variety of defaults other than nonpayment, such as the Cash Management Default, the Cessation of Operation Default, the Borrower Financial Reporting Default, and the Guarantor Financial Reporting Default. Accordingly, the foreclosure claim is not barred by EO 202.28.

Winta argues that even though the FAC included allegations of non-monetary defaults, and even though it expressly states that the foreclosure claim is based on those non-monetary defaults, the foreclosure claim is nonetheless barred by EO 202.28 because it is "predominantly animated" by Winta's nonpayment. However, whether this action was "animated" by nonpayment does not alter the fact that the foreclosure count as pleaded does not rely on nonpayment and is supported by other non-monetary defaults. And so long as the Loan Agreement permits such a foreclosure—and Winta does not argue otherwise—there is

[3] By contrast, a predecessor executive order issued on March 20, 2020 broadly barred "foreclosure of any residential or commercial property." N.Y. Exec. Order No. 202.8.

nothing in the Executive Order that prevents the Trustee from being animated by a desire for payment.

Furthermore, Winta's argument rewrites the plain language of the Executive Order by expanding its specific coverage of "foreclosure[s] of any . . . commercial mortgage[] for nonpayment of such mortgage" to any foreclosure where nonpayment is present. However, the plain meaning of the Executive Order does not support that reading. See Elmsford Apartment Assocs., LLC v. Cuomo, 469 F. Supp. 3d 148, 160 (S.D.N.Y. 2020) (observing, in the landlord-tenant context, that "[a]lthough landlords remain barred from initiating new summary proceedings 'for nonpayment of rent' against a tenant 'eligible for unemployment insurance or benefits under state or federal law or otherwise facing financial hardship,' they may seek eviction of any tenant for any reason other than nonpayment of rent.").

Accordingly, the motion to dismiss the foreclosure claim is **denied.**[4]

---

[4] In a letter dated July 6, 2021, the Trustee asked the Court to deny the motion to dismiss as moot due to the rescission of the emergency orders by Governor Cuomo in EO 210. ECF No. 77. Winta replied in a letter dated July 9, 2021, arguing that EO 210 does not apply retroactively and therefore the plaintiff cannot rely on it to justify having filed the claim before the new Executive Order went into effect. ECF No. 79. Because the foreclosure claim is not barred by EO 202.28, the arguments about the retroactivity of EO 210 are moot.

## IV

Winta argues in the alternative that the Court should dismiss the portion of plaintiff's first count for foreclosure based upon Winta's monetary defaults. However, the count expressly states that it is based on the non-monetary defaults. See FAC ¶ 58. The monetary defaults are recited in the first count and incorporated by reference in the subsequent non-foreclosure counts. Therefore, they are not superfluous and should not be stricken. Accordingly, the motion to strike the paragraphs referring to the monetary defaults is **denied.**

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the foregoing reasons, the motion to dismiss is **denied.**

The Clerk of the Court is directed to close docket number 60.

**SO ORDERED.**

**Dated:** **New York, New York**
**July 13, 2021**

**John G. Koeltl**
**United States District Judge**