UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF WELLS FARGO COMMERCIAL MORTGAGE TRUST 2015-NXS2, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2015-NXS2, acting by and through Rialto Capital Advisors, LLC, as Special Servicer under the Pooling and Servicing Agreement dated as of July 1, 2015<br>                            Plaintiff,<br><br>- against -<br><br>WINTA ASSET MANAGEMENT LLC; NEW YORK CITY DEPARTMENT OF FINANCE; SHUIGUN CHEN; 70 BROAD LLC; CAIHONG CHEN; CAIYUN CHEN; MINGSEN CHEN; GUI XIN HONG; LIU TIEMIN; WANG YAN; and HAIFENG CHEN,<br><br>                            Defendants. | Civil Action File No.<br>20-cv-05309-JGK<br><br><br>**PROPOSED SCHEDULE OF SERVICES AND RESPONSES** |

**WHEREAS**, plaintiff Wilmington Trust, National Association, as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Trust 2015-NXS2, Commercial Mortgage Pass-Through Certificates, Series 2015-NXS2 ("Plaintiff"), acting by and through Rialto Capital Advisors, LLC, as Special Servicer under the Pooling and Servicing Agreement dated as of July 1, 2015, commenced this action on July 10, 2020 seeking, *inter alia*, to foreclose a certain mortgage encumbering certain real property and improvements located at 70 Broad Street, New York, New York 10004 (the "Mortgaged Premises") and owed by defendant Winta Asset Management LLC ("Borrower");

**WHEREAS**, by that Memorandum Opinion and Order dated July 8, 2022 (ECF No. 136, "Summary Judgment Order"), the Court, *inter alia*, granted Plaintiff's motion for summary judgment on its First Count (Mortgage Foreclosure) in the First Amended Complaint (ECF No. 57) and severed its Third Count (Breach of Contract of the Guaranty) against defendant Shuigun Chen ("Guarantor");

**WHEREAS**, by that Order & Judgment dated May 6, 2024 (ECF No. 259, the "Foreclosure Judgment"), the Court, *inter alia*, entered final judgment of foreclosure and sale as against Borrower and thereby, ordered, adjudged, and decreed that there was due to plaintiff by Borrower the amount of $23,758,480.13 as of February 6, 2023, plus interests and costs;

**WHEREAS**, by the Foreclosure Judgment, it was expressly ordered, adjudged and decreed by the Court that the judgment "shall be without prejudice to Plaintiff asserting claims in any subsequent proceeding or action, including, without limitation, seeking a deficiency claim against defendant Shuigun Chen, for additional amounts Plaintiff alleges are due and owing under the subject loan documents[.]"; and

**WHEREAS**, by that Order dated May 12, 2025 (ECF No. 283, the "SAC Order"), the Court, *inter alia*, granted Plaintiff's motion to amend and directed that "[t]he plaintiff should file a Second Amended Complaint, together with a proposed schedule for service and responses by all named defendants, by June 6, 2025. The time for any defendant to respond is stayed pending the plaintiff's submission of a proposed schedule for service and responses by the named defendants."

**THE COURT HEREBY ORDERS THAT:**

1. Upon Plaintiff's belief and understanding, pursuant to Fed. R. Civ. P. 5(b), Guarantor (who has already appeared in this action) shall be deemed to have been served upon Plaintiff's filing of the Second Amended Complaint (the "SAC") on June 6, 2025, and Guarantor

shall have, pursuant to Fed. R. Civ. P. 12(a), 21 days therefrom, to answer or otherwise respond to the SAC;

2. Upon Plaintiff's belief and understanding that defendants 70 Broad LLC, Caihong Chen, Caiyun Chen, Mingsen Chen, and Gui Xin Hong are parties within a judicial district of the United States, pursuant to Fed. R. Civ. P. 4(m), Plaintiff shall serve defendants 70 Broad LLC, Caihong Chen, Caiyun Chen, Mingsen Chen, and Gui Xin Hong within 90 days from the date of June 6, 2025, and said defendants shall have, pursuant to Fed. R. Civ. P. 12(a), 21 days after being served with the Summons and SAC, to answer or otherwise respond to the SAC;

3. Upon Plaintiff's belief and understanding that defendants Liu Tiemin, Wang Yan, and Haifeng Chen are parties outside a judicial district of the United States, pursuant to Fed. R. Civ. P. 4(f), Plaintiff shall serve defendants Liu Tiemin, Wang Yan, and Haifeng Chen within a reasonable time, not limited to 90 days, but no later than 180 days from the date of June 6, 2025, and said defendants shall have, pursuant to Fed. R. Civ. P. 12(a), 21 days after being served with the Summons and SAC, to answer or otherwise respond to the SAC; and

4. Notwithstanding the foregoing or anything to the contrary herein, provided that plaintiff shows good cause for failure to serve any defendants in this action, the Court must extend the time for service for an appropriate period in accordance with Fed. R. Civ. P. 4(m).

SO ORDERED this 9 day of June, 2025

_____
Honorable John G. Koeltl
United States District Judge

3

#523031823_v1